541 A.2d 849

Clairton City School District, Appellant *v.* George Mary et al., Appellees.

Argued March 24, 1988, before Judges CRAIG and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*Ira Weiss, Gross and Weiss, P.C.,* for appellant.

*George M. Weis, Weis & Weis,* for appellees.

OPINION BY JUDGE PALLADINO, May 26, 1988:

Clairton City School District (Appellant) appeals an order of the Court of Common Pleas of Allegheny County (trial court) dismissing its complaint on a case stated and entering judgment for George Mary and Steven Gooder t/d/b/a Mary and Gooder Insurance Agency (collectively, Agents), and for Maryland Casualty Company, Assurance Company of North America, and Northern Insurance Company of New York (collectively, Insurers).[1] We affirm.

On June 7, 1984, Appellant solicited bids for various insurance coverages to which Agents, on behalf of Insurers, submitted a bid in response to the solicitation. On September 12, 1984, Appellant awarded the insurance contracts to Agents and Insurers for multi-peril, fire, liability, auto, boiler, and machinery coverage at a bid premium of $9,964.00. Neither the bid specifications provided by Appellant nor the bid itself contained any provision regarding cancellation of the insurance policies.

Following the award, Insurers issued their various policies effective October 1, 1984. The policies which were issued contained clauses which provided that *either* party could cancel the policies upon notice. Shortly thereafter, Insurers cancelled the policies and the parties agree that the cancellations were effected pursuant

---

[1] This case was originally submitted to a board of arbitrators, which rendered a decision in favor of Agents and Insurers on March 21, 1985.

to the cancellation clauses.[2] Appellant then obtained insurance coverage from other insurers at a premium rate which was $17,602.00 more than the premium rate charged by Insurers.

Appellant instituted an action against Agents and Insurers for breach of contract and sought damages in the amount of $17,602.00 plus interest. The trial court dismissed Appellant's complaint and entered judgment for Agents and Insurers, holding that Insurers had validly cancelled the policies.

On appeal to this court, Appellant contends that because the bid specifications and the bid itself contained no provision for cancellation, a contract without a cancellation provision was formed when the bid was accepted. Appellant asserts that Agents and Insurers were obligated to provide insurance coverage at the quoted price and that cancellation of the policies constituted a breach of contract. Appellant argues that even if a cancellation clause was *statutorily* required in the insurance policies, Agents and Insurers are nevertheless *contractually* liable for damages resulting from the cancellation.[3]

Our scope of review is to determine whether the trial court abused its discretion or committed an error of law. *See Lynch v. Urban Redevelopment Authority of Pittsburgh*, 91 Pa. Commonwealth Ct. 260, 496 A.2d 1331 (1985). In a case stated, we are confined to the facts presented to the court by the parties, and we can-

---

[2] The parties agree that Insurers acted in compliance with the policies' notice provisions and that wrongful cancellation is not an issue in this case. We note that copies of the insurance policies were not included in the record. However, because the parties have agreed to the facts and submitted their dispute as a case stated to the trial court, resolution of the matter is not hindered.

[3] Appellant asserts that Insurers should be found liable vis à vis Agents under applicable principles of agency law.

not go outside of the case stated for facts or assume them by way of inference. *Wiest v. Mt. Lebanon School District,* 457 Pa. 166, 320 A.2d 362, *cert. denied,* 419 U.S. 967 (1974).

The fact that Appellant "accepted" the bid is not dispositive of the question of Insurers' and Agents' contractual liability. Where the parties contemplate that their agreement cannot be considered complete before it is reduced to writing, no contract exists until the execution of the writing. *Essner v. Shoemaker,* 393 Pa. 422, 143 A.2d 364 (1958). In this case, the bid specifications did not contain requirements for many of the provisions which are customarily found in insurance policies, but merely outlined the nature of the coverage sought and set forth sufficient information needed by bidders to quote a premium rate.[4] The parties agreed in their "Submission of Case Stated" that the bid specifications anticipated that policies of insurance would be issued upon Appellant's making the award. Thus, the question remains, by what contractual provisions in the policies *as issued* are these parties bound?

Insurance contracts are presumed to have been made with reference to substantive law, including applicable statutes in force, and such laws enter into and form a part of the contractual obligation as if actually incorporated into the contract. *See First National Bank of Pennsylvania v. Flanagan,* 515 Pa. 263, 528 A.2d 134 (1987); *Neel v. Williams,* 158 Pa. Superior Ct. 478, 45 A.2d 375 (1946). Accordingly, the statutory provisions of Pennsylvania insurance law must be deemed incorporated into the policies at issue here. Section 618 of the Insurance Company Law provides that policies of casualty insurance must contain a clause governing cancella-

---

[4] The bid specifications did not require bidders to submit copies of the actual policies which they would issue, as part of the bid.

tion by the insurer and insured. Act of May 17, 1921, P.L. 682, *as amended,* 40 P.S. §753. Similarly, Section 522 of the Insurance Company Law requires a cancellation clause in all policies of fire insurance. Act of May 17, 1921, P.L. 682, *as amended,* 40 P.S. §636.

Further, we recognize that in this case, the insurance policies themselves expressly provided for the mutual right of cancellation. Where the right to cancel an insurance policy is expressly reserved in the contract itself, then the extent of the right and the conditions upon which it may be exercised must be determined by reference to the contract. *Hanna v. Reliance Insurance Company,* 402 Pa. 205, 166 A.2d 877 (1961).

Because Appellant does not dispute that Insurers cancelled the policies in accordance with the cancellation clauses, the trial court correctly concluded that Insurers and Agents were not liable for breach of contract. As the trial court noted, any loss incurred by Appellant was the result of economics of the insurance industry and was not the consequence of any action or inaction on the part of Agents and Insurers.

Accordingly, we affirm.

## ORDER

AND NOW, May 26, 1988, the order of the Court of Common Pleas of Allegheny County in the above-captioned matter is affirmed.