674 A.2d 257

**Anna STROBACK, Appellee,**

v.

**Tony Lee CAMAIONI, Appellant.**

Superior Court of Pennsylvania.

Argued Dec. 12, 1995.

Filed March 25, 1996.

Edith A. Pearce, Valley Forge, for appellant.

Andrew E. DiPiero, Jr., Philadelphia, for appellee.

Before McEWEN, CIRILLO and OLSZEWSKI, JJ.

McEWEN, Judge.

We are here asked to determine whether the amendments to Section 1722 of the Motor Vehicle Financial Responsibility Law, effective July 1, 1990, (hereinafter Act 6), are applicable in a third-party tort action to preclude recovery of medical expenses arising from a motor vehicle accident which occurred on March 15, 1990, some three months before the effective date of Act 6. The trial court found that the amendments could not, pursuant to the express terms of the statute or constitutional principles relating to retroactivity, be found to be applicable to medical expenses arising from an accident which occurred more than three months before the effective date of the Act. We agree and, therefore, affirm.

Appellee, Anna Stroback, injured on March 15, 1990, when her vehicle was struck by the vehicle operated by appellant, Tony Lee Camaioni, instituted suit on March 6, 1991, against appellant seeking recovery of the damages she had incurred as a result of the accident, including reimbursement for accident-related medical bills which totalled $37,295.93. Prior to trial, appellant filed a motion *in limine* seeking to preclude admission into evidence of *any* of the medical bills incurred by appellee. Appellant argued that, under *Carlson v. Bubash*, 432 Pa.Super. 514, 639 A.2d 458 (1994), the bills were irrelevant and inadmissible as evidence of pain and suffering and, pursuant to Section 1722 of the MVFRL, 75 Pa.C.S. § 1722, could not be recovered as damages in the action against appellant as they had been paid, after the effective date of the Act 6 amendments, by a "program, group contract or other arrangement for payment of benefits as defined in section 1719." 75 Pa.C.S. § 1722.

Appellee, on the other hand, argued that only the first $10,000 in medical bills, which had been paid under the first party medical benefits coverage of her motor vehicle insurance policy, were subject to preclusion pursuant to Section 1722 of the MVFRL. Thus, while both parties agree that the effect of the pre-Act 6 version of Section 1722 is to preclude admission of evidence concerning, and the recovery of, only the first $10,000 of medical bills, and the effect of the Act 6 amendments on Section 1722 is to preclude the admission of all evidence concerning, as well as the recovery of, *all medical bills paid by any insurance program* defined in Section 1719, the parties are unable to agree which version of Section 1722 [1]

1. Section 1722, prior to its amendment by Act 6, *formerly* provided:

   **§ 1722. Preclusion of pleading, proving and recovering required benefits**

   In any action for damages against a tortfeasor arising out of the maintenance or use of a motor vehicle, a person who is eligible to receive benefits under the coverages set forth in section 1711 (relating to required benefits) or the coverage set forth in section 1715(a)(1.1) (relating to availability of adequate limits) shall be precluded from pleading, introducing into evidence or recovering the amount of benefits paid or payable under section 1711 or

controls the issue of admissibility of the medical bills in this case where the accident occurred prior to the effective date of Act 6, but payment of the bills and institution of suit occurred after the effective date of the Act 6 amendments.

The distinguished Judge Carol K. McGinley ruled that all medical bills in excess of $10,000 were recoverable in this action since the Act 6 amendments could not be applied to limit the amount of recoverable damages arising from a March 15, 1990 accident. We agree.

■  The general rule is that statutes relating to substantive rights are not to be applied retroactively:

"No statute shall be construed to be retroactive unless clearly and manifestly so intended by the General Assembly." 1 Pa.C.S. § 1926 (Supp.1978–79).

While the Statutory Construction Act makes no distinctions based on the type of statute, this Court has distinguished between statutes affecting procedural matters and those altering substantive rights. *Misitis v. Steel City Piping Co.*, 441 Pa. 339, 272 A.2d 883 (1971); *Farmers Nat'l Bank & Trust Co. v. Berks Co. Real Estate*, 333 Pa. 390, 5 A.2d 94 (1939). Statutes relating to procedural matters have been held applicable to cases filed after the effective date, *Sussman v. Yaffee*, 443 Pa. 12, 275 A.2d 364 (1971), but when substantive rights are involved, the applicable law must be that which is in effect at the time the cause of action arises.

1715(a)(1.1). This preclusion applies only to the amount of benefits set forth in sections 1711 and 1715(a)(1.1).
75 Pa.C.S. § 1722.
Section 1722 *currently* provides:
**§ 1722. Preclusion of recovering required benefits**
In any action for damages against a tortfeasor, or in any uninsured or underinsured motorist proceeding, arising out of the maintenance or use of a motor vehicle, a person who is eligible to receive benefits under the coverages set forth in this subchapter, or workers' compensation, or any program, group contract or other arrangement for payment of benefits as defined in section 1719 (relating to coordination of benefits) shall be precluded from recovering the amount of benefits paid or payable under this subchapter, or workers' compensation, or any program, group contract or other arrangement for payment of benefits as defined in section 1719.
75 Pa.C.S. § 1722.

*Misitis v. Steel Piping Co., supra.* We realize that the terms substantive and procedural are not easily defined; yet in the case we decide today, we have no doubt that the appellant's rights rise to the level of being substantive. *Bell v. Koppers Co., Inc.,* 481 Pa. 454, 458, 392 A.2d 1380, 1382 (1978). *Accord: Universal Cyclops Steel Corporation v. Workmen's Compensation Appeal Board,* 9 Pa.Cmwlth. 176, 183, 305 A.2d 757, 761 (1973).

A law is only retroactive in its application when it relates back and gives a previous transaction a legal effect different from that which it had under the law in effect when it transpired. 1 Pa.C.S. § 1926; *McMahon v. McMahon,* 417 Pa.Super. 592, 601–02, 612 A.2d 1360, 1364 (1992) (en banc). Only where no substantive right or contractual obligation is involved may a subsequently enacted statute be applied to a condition existing on its effective date where the condition results from events occurring prior to the effective date of the statute. *Creighan v. Pittsburgh,* 389 Pa. 569, 574–75, 132 A.2d 867, 870 (1957); *Brangs v. Brangs,* 407 Pa.Super. 43, 50–51, 595 A.2d 115, 119 (1991). A newly enacted law may be applied retroactively if it impairs no contract and disturbs no vested right, but only varies remedies, cures defects in proceedings otherwise fair, and does not vary existing obligations contrary to their situation when originally undertaken. *Smith v. Fenner,* 399 Pa. 633, 641, 161 A.2d 150, 154 (1960). Moreover, amendatory statutes are not to be construed as retroactive unless such a construction is so clear as to preclude all question as to the intention of the legislature. This rule of statutory construction is particularly applicable when the legislation in question interferes with existing contractual obligations or antecedent rights. *DeMatteis v. DeMatteis,* 399 Pa.Super. 421, 434, 582 A.2d 666, 672 (1990).

Under the version of Section 1722 in effect on March 15, 1990, the day that appellee's cause of action arose, appellee was entitled to recover all medical expenses, in excess of the required $10,000 in medical coverages, which she had, or would in the future, incur as a result of the accident, irrespec-

tive of whether those medical bills had been paid by a person, plan, or company other than appellee. *See, e.g.: Palmosina v. Laidlaw Transit Company, Inc.,* 445 Pa.Super. 121, 664 A.2d 1038 (1995). The motor vehicle insurance policy issued to appellee and under which her first party medical benefits were paid, was drafted with reference to the then applicable provisions of the MVFRL.

> Insurance contracts are presumed to have been made with reference to substantive law, including applicable statutes in force, and such laws enter into and form a part of the contractual obligation as if actually incorporated into the contract.

*Frey v. State Farm Mutual Automobile Insurance Co.,* 429 Pa.Super. 425, 432, 632 A.2d 930, 933 (1993), *quoting Clairton City School District v. Mary,* 116 Pa.Cmwlth. 376, 379, 541 A.2d 849, 851 (1988). Thus, appellee was entitled, as of the day her cause of action arose, to seek recovery of all of her subsequently incurred medical bills which exceeded $10,000. This was a substantive right which could not properly be revoked by subsequent legislative action. *See, e.g., Jenkins v. Hospital of The Medical College of Pennsylvania,* 401 Pa.Super. 604, 616–17, 585 A.2d 1091, 1096–97 (1991), *aff'd.,* 535 Pa. 252, 634 A.2d 1099 (1993); *Bell v. Koppers Co., Inc., supra* at 458–59, 392 A.2d at 1382; *Byard F. Brogan, Inc. v. Workmen's Compensation Appeal Board,* 161 Pa.Cmwlth. 453, 462–63, 637 A.2d 689, 694 (1994). *Cf. Lynn v. Prudential Property and Casualty Insurance Co.,* 422 Pa.Super. 479, 619 A.2d 779 (1993) (statute providing for peer review organization review was *procedural* rather than *substantive* and, thus, could be applied to medical bills payable pursuant to contracts entered into prior to effective date of statute).

However, as a result of the Act 6 amendments effective July 1, 1990, the right to recover such excess medical expenses was extinguished where those expenses were paid by any entity identified in the amended Section 1722. We concur in the conclusion of the trial court that the amended statute could be applied only to bills arising from *accidents occurring after* July 1, 1990, and was inapplicable in the instant case

where appellee had a *substantive* right as of March 15, 1990, to pursue a claim for excess medical expenses which could not later be extinguished by the enactment of the legislation known as Act 6.

It is well-settled that the Legislature may not extinguish a right of action which has already accrued to a claimant. This Court has consistently held that the Legislature's repeal of a law which created a right of action does not disturb any actions accrued thereunder:

> "There is a vested right in an accrued cause of action.... A law can be repealed by the law giver; but the rights which have been acquired under it, while it was in force, do not thereby cease. It would be an absolute injustice to abolish with the law all the effects it had produced. This is a principle of general jurisprudence; but a right to be within its protection must be a vested right."

*Lewis v. Pennsylvania R.R. Co.,* 220 Pa. 317, 324, 69 A. 821, 823 (1908) (quotations omitted); see *Rebel v. Standard Sanitary Mfg. Co.,* 340 Pa. 313, 319, 16 A.2d 534, 537–38 (1940); *Commonwealth ex rel. Margiotti v. Cunningham,* 337 Pa. 289, 301–02, 10 A.2d 559, 563–64 (1940); accord, *Creighan v. Pittsburgh,* 389 Pa. 569, 574, 132 A.2d 867, 870 (1957); *Smith v. Fenner,* 399 Pa. 633, 641, 161 A.2d 150, 154 (1960).

* * * * * *

This established view is consistent with federal decisional law which squarely holds that a legislature may not constitutionally eliminate *in toto* a remedy, whether judicially or legislatively created, which has already accrued. See *Ettor v. Tacoma,* 228 U.S. 148, 33 S.Ct. 428, 57 L.Ed. 773 (1913); *Forbes Pioneer Boat Line v. Board of Comm'rs,* 258 U.S. 338, 42 S.Ct. 325, 66 L.Ed. 647 (1922) (Holmes, J.); *Lynch v. United States,* 292 U.S. 571, 54 S.Ct. 840, 78 L.Ed. 1434 (1934) (Brandeis, J.); *W.B. Worthen Co. ex rel. Bd. of Comm'rs v. Kavanaugh,* 295 U.S. 56, 55 S.Ct. 555, 79 L.Ed. 1298 (1935) (Cardozo, J.); accord, *United States Trust Co. v. New Jersey,* 431 U.S. 1, 26–7, 97 S.Ct. 1505, 1520, 52 L.Ed.2d 92 (1977). As Chief Justice Marshall wrote, "[t]he

very essence of civil liberty certainly consists in the right of every individual to claim the protection of the laws, whenever he receives an injury." *Marbury v. Madison*, 5 U.S. (1 Cranch) 137, 163, 2 L.Ed. 60 (1803).

A tort cause of action generally accrues on the date of the accident or injury. See *Smith v. Fenner*, 399 Pa. 633, 641, 161 A.2d 150, 154 (1960); *Rebel v. Standard Sanitary Mfg. Co.*, 340 Pa. 313, 16 A.2d 534 (1940); see generally *Bell v. Koppers Co., Inc.*, 481 Pa. 454, 458, 392 A.2d 1380, 1382 (1978) (procedural rules apply to cases filed after effective dates; substantive rights are governed by law in effect at time causes of action accrue).

*Gibson v. Commonwealth*, 490 Pa. 156, 162, 415 A.2d 80, 83–84 (1980).

■■■ Nor does the fact that appellee's complaint was filed and the excess medical bills paid after the effective date of the Act 6 amendments compel a contrary conclusion. The right of appellee to recover certain damages as a result of her injuries accrued on March 15, 1990. The Act 6 amendments could not thereafter affect that vested right. *See, e.g.: Bell v. Koppers Co., Inc.*, supra at 458, 392 A.2d at 1382; *Byard F. Brogan, Inc. v. Workmen's Compensation Appeal Board*, supra at 463–64, 637 A.2d at 694.

There is a presumption against the retroactive application of statutes affecting substantive rights. *Henry v. State Farm Insurance Co.*, 788 F.Supp. 241, 243 (E.D.Pa.1992). "[A] law is only retroactive in its application when it relates back and gives a previous transaction a legal effect different from that which it had under the law in effect when it transpired." *McMahon v. McMahon*, supra at 601, 612 A.2d at 1364, *citing* 1 Pa.C.S. § 1926; *R & P Services, Inc. v. Commonwealth, Dept. of Revenue*, 116 Pa.Cmwlth. 230, 234–35, 541 A.2d 432, 434 (1988).

Thus, we agree with the conclusion of the learned trial judge that the provisions of Act 6 limiting the amount of medical bills recoverable in a third party action may not be

applied in any case where the accident giving rise to the injuries occurred prior to the effective date of the Act.

Order affirmed.