**Karen COOPER, M.D., Appellant**

v.

**Ronald H. SIROTA; Strategic Financial Planning, Inc.**

No. 01–3620.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) June 14, 2002.

Filed June 18, 2002.

Before ROTH, RENDELL, and ROSENN, Circuit Judges.

## OPINION OF THE COURT

ROSENN, Circuit Judge.

Karen Cooper, M.D., filed a four-count Complaint in the Court of Common Pleas, Luzerne County, Pennsylvania. Cooper alleged negligent misrepresentation, professional negligence, breach of contract, and a violation of Pennsylvania's Unfair Trade Practices and Consumer Protection Law (UTPCPL), Pa. Stat. Ann. tit. 73, 201–1 to 209–6. Based on the parties' diversity, the defendants applied for removal of the case to the United States District Court for the Middle District of Pennsylvania. The District Court granted the defendants' motion for summary judgment. Cooper timely appeals.[1] We affirm.

I.

Because the parties are familiar with the facts, we briefly summarize only the most pertinent.

In 1993, Cooper, a medical doctor, retained the services of Strategic Financial Planning, Inc., and its sole shareholder, Ronald Sirota, to provide financial services to her and her professional corporation. Under their arrangement, the defendants were responsible for, inter alia, obtaining disability insurance for Cooper.

In September 1994, Cooper, through the defendants, applied for two policies with the Paul Revere Life Insurance Company (Paul Revere). The first was a personal disability policy, which would pay Cooper $3,360 per month in the event of her becoming disabled. The second policy would provide $14,000 per month for business overhead expenses if Cooper were to become disabled. The company issued the policies to Cooper on November 7, 1994.

In November 1995, Cooper applied for two replacement policies from the Berkshire Life Insurance Company (Berkshire). These policies provided the same benefits as Paul Revere's policies, and were issued to Cooper on January 10, 1996.

In April 2000, Cooper filed her Complaint, alleging that Sirota had misrepresented the amount of her personal disability policies by informing her that she was entitled to $14,000 per month under her plan. The District Court held that Cooper had failed to demonstrate any misrepresentations on Sirota's part, and that she therefore could not satisfy an essential element of her UTPCPL and negligent misrepresentation claims. The Court further ruled that the statute of limitations had expired on her breach of contract, professional negligence, and negligent misrepresentation claims, and entered summary judgment in favor of the defendants.

1. We have jurisdiction pursuant to 28 U.S.C. § 1291.

## II.

We exercise plenary review over the District Court's grant of summary judgment. B*ixler v. Cent. Pa. Teamsters Health & Welfare Fund*, 12 F.3d 1292, 1297 (3d Cir.1993). Summary judgment should only be granted if "the pleadings, depositions . . . and admissions on file . . . show that there is no genuine issue as to any material fact." Fed R. Civ. P. (56)(c); *Bixler*, 12 F.3d at 1297. Inferences drawn from facts in evidence are to be viewed in the light most favorable to the non-moving party. *Id.*

### A.

■ Cooper's UTPCPL and negligent misrepresentation claims both require an actual misrepresentation on the part of the defendant. *Kramer v. Dunn*, 749 A.2d 984, 991 (Pa.Super.Ct.2000) (negligent misrepresentation requires misrepresentation of material fact); Pa. Stat. Ann. tit. 73, 201–2(4)(v) (unfair practice includes "[r]epresenting that goods or services have . . . characteristics . . . benefits or quantities that they do not have"). The District Court ruled that Cooper failed to identify any misrepresentation by Sirota. We perceive no error in that conclusion.

Cooper testified that she could not recall the details of her conversations with Sirota regarding her disability benefits. The only things she clearly recalled were the number 14,000 and her belief that she had $14,000 a month in personal disability benefits. Cooper did not recall Sirota ever stating that he was obtaining $14,000 per month in personal disability benefits for her. Indeed, Cooper could not even recall whether Sirota represented any amount she would be receiving in personal disability benefits.

Cooper's testimony makes clear that she cannot prove misrepresentation on Sirota's part. Even a generous interpretation of Cooper's testimony leads to the conclusion that Cooper formed her own assumptions regarding the amount of her personal disability coverage. She cannot recall whether Sirota made any statement relating to the amount of her personal disability coverage, let alone an affirmative misrepresentation that she was covered for $14,000 per month. Cooper believed she had $14,000 in personal disability benefits, but there is nothing in the record tying this belief to any representations made by Sirota. Therefore, the District Court did not err by finding that Cooper failed to satisfy a necessary element of her negligent misrepresentation and UTPCPL claims.

### B.

■ Generally, a statute of limitations begins to run when the plaintiff's cause of action arises or accrues. *Leedom v. Spano*, 436 Pa.Super. 18, 647 A.2d 221, 226 (1994). In a contract case, the cause of action accrues when there is an existing right to sue based on the breach of contract. *Id.* There is a four-year statute of limitations on Cooper's breach of contract claim. 42 Pa. Cons.Stat. Ann. 5525(3). In a tort case, the cause of action accrues on the date of injury. *Stroback v. Camaioni*, 449 Pa.Super. 395, 674 A.2d 257, 262 (1996). A two-year limitation applies to Cooper's negligent misrepresentation and professional negligence claims. 42 Pa. Cons.Stat. Ann. 5524(7).

As the District Court ruled, Cooper "could have brought all of her complaints on the day she allegedly received a substantially different policy or policies than that which she had requested." (D.C. op., 10–11) Therefore, the latest possible date the statutes of limitations began to run on Cooper was January 10, 1996, the date the Berkshire policies were issued to her.

Cooper filed her claim on April 19, 2000, more than four years after her causes of action had accrued. Thus, the District Court held that Cooper's breach of contract, negligent misrepresentation, and professional negligence claims were untimely. Cooper asserts that the Court erred because she is entitled to the protection of the discovery rule. This argument is without merit and we reject it.

The discovery rule is an exception to the requirement that a plaintiff bring suit within the applicable statute of limitations. *Dalrymple v. Brown*, 549 Pa. 217, 701 A.2d 164, 167 (1997). The discovery rule provides that when the existence of an injury is not known to a plaintiff and the knowledge cannot reasonably be ascertained within the statute of limitations, the statute tolls until the injury reasonably could have been discovered. *Id.* The time when an injured party should reasonably be aware of the injury is usually an issue of fact for the jury. *Sadtler v. Jackson–Cross Co.*, 402 Pa.Super. 492, 587 A.2d 727, 732 (1991). Only when the facts are so clear that reasonable minds cannot disagree may a Court treat the commencement of the statute of limitations as a matter of law. *Id.*

Cooper has the burden of establishing her inability to learn of the injury despite exercising reasonable diligence. *Brown*, 701 A.2d at 167. The standard of reasonable diligence is an objective one, *id.*, although it is flexible enough to consider a person's capacity to meet certain situations. *Burnside v. Abbott Labs.*, 351 Pa.Super. 264, 505 A.2d 973, 988 (1985). "If a party has the means of discovery within his power but neglects to use them, his claim will still be barred." *Burnside*, 505 A.2d at 988. In short, we must inquire whether Cooper "exhibited those qualitites of attention, knowledge, intelligence and judgment which society requires of its members for the protection of their own interests." *Id.* (internal quotations omitted).

Cooper testified that she never read the Paul Revere policies. (D.C. op., 12) As the District Court stated, "[h]ad [Cooper] simply read the policies in question on the day she received them, she would have been put on notice that the policies were not that which she had expected." (D.C.op., 11) Cooper is an educated person a medical doctor and there is simply no apparent explanation, nor does she offer one, for not having read the policies within a reasonable time after receiving them. Cooper also fails to explain why a reasonably diligent doctor would not have read the terms of her disability insurance policy. Cooper's failure to read the policies was a failure to use reasonable diligence and the District Court did not err in holding that her lawsuits were untimely. Accordingly, the District Court's judgment is affirmed. Costs taxed against the appellant.