587 A.2d 40

**HUMAN SERVICES CONSULTANTS, INC., Appellant,**

v.

**The ZONING HEARING BOARD OF BUTLER TOWNSHIP, Appellee.**

Commonwealth Court of Pennsylvania.

Argued Oct. 30, 1990.

Decided Feb. 13, 1991.

Edmond A. Tiryak, Philadelphia, with him, Kimberly D. Borland, Wilkes–Barre, for appellant.

Conrad A. Falvello, with him, Cynthia R. Vullo, Wilkes–Barre, for appellee.

Before McGINLEY and BYER, JJ., and CRUMLISH, Jr., Senior Judge.

CRUMLISH Jr., Senior Judge.

Human Services Consultants (Human Services) appeals a Luzerne County Common Pleas Court order upholding a Butler Township Zoning Hearing Board's (Board) decision that Human Services did not have a permitted use. We reverse.

Human Services operates a home for three retarded men in an SR (single family residential) district. Human Services describes the home as a Community Living Arrangement

(CLA) the purpose of which is to normalize retarded individuals by providing a living environment as close as possible to normal family life. (Notes of Testimony, Board Hearing, 7/31/89, p. 8)[1] The three residents are aided in maintaining the household by round-the-clock staff, supplied by Human Services.

On June 15, 1989, the Township's Zoning Officer issued a notice to Human Services that its use of the home was in violation of the zoning ordinance. Human Services' appeal to the Board was denied, whereupon it sought relief in common pleas court. The court, upon concluding that the three residents could not maintain a common household, affirmed the Board's decision.

■ The sole issue presented by this appeal is whether this home falls within the definition of family as that term is used in the Butler Township Zoning Ordinance.

■ Where, as here, the trial court, in reviewing a zoning appeal has not taken additional evidence, our scope of review is limited to a determination of whether the Board committed a manifest abuse of discretion or an error or law. We may conclude that the Board abused its discretion only if its findings are not supported by substantial evidence. *Salisbury Township Appeal,* 114 Pa.Commonwealth Ct. 493, 539 A.2d 48 (1988).

The Butler Township Zoning Ordinance defines family as: One (1) or more persons who live in one (1) dwelling unit and maintain a common household. May consist of a single person or two (2) or more persons, whether or not related by blood, marriage or adoption. May also include domestic servants and gratuitous guests, but not occupants of a club, fraternal lodging, or rooming house. Ordinance Section 103.2(32)

In *JALC Real Estate Corp. v. Zoning Hearing Board of Lower Salford Township,* 104 Pa.Commonwealth Ct. 605,

---

**1.** This court has defined a community living arrangement in similar terms. *See Hopkins v. Zoning Hearing Board of Abington Township,* 55 Pa.Commonwealth Ct. 365, 423 A.2d 1082 (1980).

522 A.2d 710 (1987), this Court held that a similar group home fit that township's definition of family. The ordinance in *JALC* defined a family to include "any number of individuals living together as a single, nonprofit housekeeping unit and doing their cooking on the premises . . ." *Id.*, 104 Pa.Commonwealth Ct. at 608–09, 522 A.2d at 711–12.

In this case, the ordinance merely requires that individuals live together and maintain a common household; there is no requirement that individuals be related. The ordinance also provides that domestic servants may reside in a single-family dwelling. It specifically excludes occupants of a club, fraternal lodging or rooming house.

 The Board asserts that because institutional homes are expressly provided for in other districts but not in single-family districts, the Township meant to exclude them. This argument is not persuasive, however, because the Township could have specifically excluded institutional homes from its definition of family, as it did for clubs, fraternal lodging and rooming houses. Moreover, a permitted use must be afforded the broadest interpretation so that landowners may have the benefit of the least restrictive use and enjoyment of their land. *Appeal of Ethken Corp.*, 89 Pa.Commonwealth Ct. 612, 493 A.2d 787 (1985). Hence, all that is required to fall within the ordinance's definition of family is that one or more unrelated persons maintain a common household.

 The Board argues, and the trial court concluded that, due to their retardation, the residents could not maintain a common household. However, the definition of family provides for inclusion of domestic servants within the dwelling unit. The staff members on duty at the CLA are analogous to domestic servants. For a fee, they provide the services necessary to maintain a common household, including cooking and cleaning. These services are not unlike the provisions domestic servants would, for example, render to persons who, because of age or physical infirmity, were unable to care for themselves. We are convinced that the three

residents and their staff constitute a "family" as defined in the ordinance.

CLA's may be operated in this single-family residential district because the use is not proscribed by the definition of family contained in the Butler Township Zoning Ordinance. Accordingly, we hold that the common pleas court erred in its legal determination and thus we reverse its decision.

## ORDER

The Luzerne County Court of Common Pleas order, No. 4909–C of 1989, dated April 25, 1990, is reversed.