**GLEN–GERY CORPORATION,**
Appellant

v.

**ZONING HEARING BOARD OF DOVER TOWNSHIP, York County, Pennsylvania and Dover Township.**

Commonwealth Court of Pennsylvania.

Argued June 10, 2004.

Decided July 28, 2004.

Reargument Denied Sept. 17, 2004.

Terry L. Parish, Reading, for appellant.

Charles A. Rausch, York, for appellees.

BEFORE: PELLEGRINI, Judge, LEADBETTER, Judge, and JIULIANTE, Senior Judge.

OPINION BY Senior Judge JIULIANTE.

Glen–Gery Corporation (Glen–Gery) appeals from the December 22, 2003 order of the Court of Common Pleas of York County (trial court) that denied Glen–Gery's appeal from an order of the Zoning Hearing Board (ZHB) of Dover Township dismissing Glen–Gery's procedural challenge to the validity of the Township's Zoning Ordinance and Subdivision and Land Development (Subdivision) Ordinance. The ZHB had denied Glen–Gery's procedural challenge on jurisdictional grounds because Glen–Gery's challenge was untimely filed.

Also before the Court for disposition is a motion to dismiss filed on behalf of Intervenor Dover Township on the ground that Glen–Gery's May 22, 2002 procedural challenge has been rendered moot by the May 24, 2004 re-enactment of the Township's Zoning Ordinance and Subdivision Ordinance. We deny the Township's motion to dismiss and affirm the order of the trial court.

The ZHB found the following facts. Glen–Gery owns several tracts of land in the Township which it already uses or desires to use for the quarrying of material to produce construction brick. On May 17, 2002, Glen–Gery filed a procedural challenge to the validity of both the Township's Zoning Ordinance and Subdivision Ordinance. At the time Glen–Gery's challenge was filed, the latest enactment of the Zoning Ordinance was September 8, 1997 and the latest enactment of the Subdivision Ordinance was February 13, 1995.[1] Glen–Gery's procedural challenge did not contain any allegations of fraud or bad faith on the Township's part in enacting either the Zoning Ordinance or the Subdivision Ordinance.

Pursuant to an agreement between the parties, a hearing on Glen–Gery's procedural challenge was continued until March 19, 2003. At that hearing, the Township raised the issue of lack of subject matter jurisdiction due to untimeliness and submitted a brief in support of its position. The hearing was then continued until April 16, 2003. On April 7, 2003, Glen–Gery submitted a brief in opposition, which was followed by a reply brief from the Township.

Glen–Gery's counsel was not present at the April 16, 2003 hearing at which time the Zoning Ordinance and Subdivision Ordinance were entered as evidence. On April 25, 2003, the ZHB issued a written decision dismissing Glen–Gery's procedural challenge due to a lack of subject matter jurisdiction. In its decision, the ZHB noted that Section 909.1(a)(2) of the Pennsylvania Municipalities Planning Code (MPC)[2] gives the ZHB exclusive jurisdiction to hear procedural challenges to the validity of a land use ordinance. Section 909.1(a)(2) provides:

> (a) The zoning hearing board shall have exclusive jurisdiction to hear and render final adjudications in the following matters:
>
> . . . .
>
> (2) *Challenges to the validity of a land use ordinance raising procedural questions or alleged defects in the process of enactment or adoption which challenges shall be raised by an appeal taken within 30 days after the effective date of said ordinance.* Where the ordinance appealed from is the initial zoning ordinance of the municipality and a zoning hearing board has not been previously established, the appeal raising procedural questions shall be taken directly to court.

53 P.S. § 10909.1(a)(2) (emphasis added).

Noting that the timeliness of Glen–Gery's procedural challenge was a threshold issue that must be determined for jurisdictional purposes, the ZHB initially inquired into the timeliness of Glen–Gery's challenge. Relying on this Court's deci-

---

**1.** On May 24, 2004, the Township revised and reenacted both the Zoning Ordinance and the Subdivision Ordinance. Pursuant to Section 1601(a) of the Second Class Township Code, Act of May 1, 1933, P.L. 103, *as amended,* 53 P.S. § 66601(a), these two ordinances became

effective on May 29, 2004, five days after they were adopted.

**2.** Act of July 31, 1968, P.L. 805, *as amended,* added by the Act of December 21, 1988, P.L. 1329, 53 P.S. § 10901.1(a)(2).

sion in *Schadler v. Zoning Hearing Board of Weisenberg Tp.*, 814 A.2d 1265 (Pa. Cmwlth.2003), *rev'd*, —— Pa. ——, 850 A.2d 619 (2004), which held that a municipal ordinance may only be challenged on procedural grounds within 30 days of its effective date, the ZHB determined that Glen–Gery's procedural challenges to the Zoning and Subdivision Ordinances were untimely.

In support of its decision, the ZHB also relied on Section 5571(c)(5) of the Judicial Code, 42 Pa.C.S. § 5571(c)(5), which was most recently amended by the Act of December 9, 2002 (Act 2002–215), P.L. 1705. Section 5571(c)(5) provides:

> (5) Ordinances, resolutions, maps, etc.—Notwithstanding section 909.1(a)(2) of the [MPC], questions relating to an alleged defect in the process of enactment or adoption of any ordinance, resolution, map or similar action of a political subdivision, including appeals and challenges to the validity of land use ordinances adopted pursuant to the [MPC], shall be raised by appeal or challenge commenced within 30 days after the intended effective date of the ordinance, resolution, map or similar action. As used in this paragraph, the term "intended effective date" means the effective date specified in the ordinance, resolution, map or similar action or, if no effective date is specified, the date 60 days after the date the ordinance, resolution, map or similar action was finally adopted but for the alleged defect in the process of enactment or adoption.

42 Pa.C.S. § 5571(c)(5).

As the ZHB further noted, Section 6 of Act 2002–215 provides that the amendment to Section 5571(c)(5) "shall apply to an appeal or challenge relating to an alleged defect in the process of the enactment or adoption of any ordinance, resolution, map or similar action commenced after December 31, 2000." *See* Act of December 9, 2002, P.L. 1705. Thus, the ZHB stated in its decision that "[a]t this time, both *Schadler* and Section 5571(c)(5) of the Judicial Code are controlling on the disposition of this matter and give jurisdiction to the [ZHB] to hear only those procedural validity challenges which are filed in a timely manner, which is within 30 days of the intended effective date of the ordinance." ZHB's Decision at 6–7.[3]

Glen–Gery appealed to the trial court on the ground that the ZHB had no authority to dismiss the procedural challenge without conducting an evidentiary hearing on the merits and rendering a full adjudication supported by the record. Glen–Gery argued that it was deprived of an opportunity to challenge either this Court's decision in *Schadler* or the retroactive application of Section 5571(c)(5) of the Judicial Code.

The trial court, nevertheless, affirmed the ZHB based on both *Schadler* and Section 5571(c)(5) of the Judicial Code. The trial court concluded that the ZHB properly disposed of this case on a motion to determine whether the ZHB had jurisdiction. The trial court further noted that arguments were presented and evidence entered at both the March 19 and April 16, 2003 hearings before the ZHB and that Glen–Gery did not even appear at the April 16, 2003 hearing.

 Glen–Gery's appeal to this Court followed. In zoning cases where the trial court takes no additional evidence, our re-

---

**3.** Although the ZHB acknowledged Glen–Gery's contention that Act 2002–215's retroactive application to the amendment to Section 5571(c)(5) violated its right to due process, the ZHB noted that it lacked the authority to declare a state statute unconstitutional.

view is limited to determining whether the ZHB erred as a matter of law or abused its discretion. *Hager v. West Rockhill Tp. Zoning Hearing Board*, 795 A.2d 1104 (Pa. Cmwlth.2002). An abuse of discretion will be found only when the ZHB's findings are not supported by substantial evidence. *Id.*

On May 24, 2004, prior to the June 10, 2004 oral argument in this case, the Supreme Court reversed this Court's decision in *Schadler*. Specifically, the Court determined that procedural challenges to a municipal ordinance were not time barred under either Section 909.1(a)(2) of the MPC, 53 P.S. § 10909.1(a)(2), or pre-amendment Section 5571(c)(5) of the Judicial Code because certain defects in enacting the ordinance rendered it void *ab initio*.[4] As this Court recently noted in *Taylor v. Harmony Tp. Board of Comm'rs*, 851 A.2d 1020 (Pa.Cmwlth. 2004), the Supreme Court ruled in *Schadler* that the procedural defects in enacting the ordinance "essentially eliminated the 'effective date' of the challenged ordinance from which the thirty-day statutory period for taking an appeal was calculated." *Taylor*, 851 A.2d at 1028. "Because there was no 'effective' date, challenges to an ordinance on procedural grounds could be brought well past the thirty-day statutory period for challenging procedural irregularities in the enactment of the ordinance." *Id.*

In addition, as noted above, on May 24, 2004 the Township readopted both the Zoning Ordinance and the Subdivision Ordinance. Pursuant to Section 1601(a) of the Second Class Township Code, 53 P.S. § 66601(a), both ordinances became effective five days after they were adopted.

## I.

■ Following the Township's reenactment of both the Zoning Ordinance and the Subdivision Ordinance, the Township filed a motion to dismiss Glen–Gery's appeal as moot under Pa. R.A.P.1972(4). The Township maintains that inasmuch as Glen–Gery has not submitted any plans for approval or challenged the substantive validity of the Zoning Ordinance regarding the use of non-coal surface mining, Glen–Gery has no vested rights under either the Zoning Ordinance or Subdivision Ordinance and, therefore, its procedural challenge was rendered moot by the reenactment of the two ordinances.

In opposition to the motion to dismiss, Glen–Gery claims that under Section 1006–A of the MPC,[5] a court may declare any ordinance invalid and set it aside regardless of whether the applicant has submitted plans or other material in the form required for final approval. Section 1006–A provides in relevant part:

(a) In a land use appeal, the court shall have the power to declare *any ordinance* or map invalid *and set aside or modify any action, decision or order of the governing body,* agency or officer of the municipality brought up on appeal.

. . . .

(c) If the court finds that an ordinance or map, or a decision or order thereunder, which has been brought up for review unlawfully prevents *or restricts* a development or use *which has been described by the landowner*

---

4. In *Schadler,* the Supreme Court recognized that Section 1601(a) of the Second Class Township Code operated to forgive the procedural defect if the defect is only: (1) a failure to file in a county library or county office

within 30 days of enactment; or (2) a failure to record within the allotted time.

5. Added by the Act of December 21, 1988, P.L. 1329, *as amended,* 53 P.S. § 11006–A.

through plans and *other materials submitted to the governing body* . . . .

(d) Upon motion by any of the parties or upon motion by the court, the judge of the court may hold a hearing or hearings to receive additional evidence or employ experts to aid the court to frame an appropriate order. . . .

(e) The fact that the plans and other materials *are not in a form or are not accompanied by other submissions which are required for final approval of the development or use in question or for the issuance of permits shall not prevent the court from granting the definitive relief authorized.* The court may act upon preliminary or sketch plans by framing its decree to take into account the need for further submissions before final approval is granted.

53 P.S. § 11006–A (emphasis added).

In support of its position, Glen–Gery also cites the Supreme Court's decision in *Casey v. Zoning Hearing Board of Warwick Tp.,* 459 Pa. 219, 328 A.2d 464 (1974) and this Court's decision in *Adams Outdoor Advertising, Ltd., v. Borough of Coopersburg Zoning Hearing Board,* 155 Pa. Cmwlth. 591, 625 A.2d 768 (1993), for the proposition that a landowner who succeeds in a challenge to a zoning ordinance is entitled to have his use approved if he can comply with other valid ordinances and regulations of the township. In response, the Township argues that both *Casey* and *Adams Outdoor Advertising* are distinguishable from the present case because they involve substantive validity challenges, *i.e.,* constitutional challenges that alleged exclusionary zoning. In the same vein, the Township contends that Section 1006–A of the MPC applies only to substantive land use appeals, not procedural lands use appeals.

In Paragraph 49 of its procedural challenge, Glen–Gery stated:

[Glen–Gery] proposes to use all of [its] lands for non-coal surface mines with normal associated, related and accessory uses Bituminous Asphalt Plants, Concrete Batch Plants, Construction Company Activities, Equipment Repair Facilities, Offices, Retail and Wholesale Sales of Stone, Landscaping and related products and all associated, related and/or accessory uses to such uses. . . .

Glen–Gery's Procedural Challenge to the Validity of the Township Zoning Ordinance and Subdivision Ordinance at 11; R.R. 81a–82a.

Although Glen–Gery may not have submitted a plan for approval, its procedural challenge included a proposal to conduct mining operations on its property in the Township. Thus, we believe that Glen–Gery's proposal to use its property for non-coal surface mining and related accessory uses was sufficient to establish a right under Section 1006–A of the MPC to appeal from the ZHB's denial of its challenge to the two ordinances in question. As a result, we will deny the Township's motion to dismiss and address the merits of Glen–Gery's appeal.

## II(a).

■ Glen–Gery's first argument is that the ZHB's dismissal of the procedural challenge without holding an evidentiary hearing constitutes a deprivation of Glen–Gery's constitutional right to due process. Specifically, Glen–Gery asserts that the ZHB is authorized by Section 909.1(a) only to hear and render final adjudications in the nine specific matters listed. Glen–Gery contends that nothing in Section 909.1(a) or any other part of the MPC authorizes the ZHB to engage in a dispositive motions practice.

Rather, Glen–Gery asserts that Section 908 of the MPC, 53 P.S. § 10908, provides

that a ZHB must conduct hearings and make decisions in accordance with the ten requirements listed in that statute. Glen-Gery further asserts that none of those ten requirements imply that a ZHB may grant a motion to dismiss without holding a hearing and rendering an adjudication on the merits.

In response, the Township contends that the March 19, 2003 hearing met the requirements for a hearing under Section 908 of the MPC. In support of its position, the Township cites *Hogan, Lepore & Hogan v. Pequea Tp. Zoning Board*, 162 Pa. Cmwlth. 282, 638 A.2d 464 (1994), where this Court stated that oral argument constitutes a hearing for purposes of Section 908.

Moreover, as the trial court noted in its opinion, evidence was presented at the April 16, 2003 hearing at which no appearance was made on behalf of Glen-Gery. In addition, both parties submitted written argument on the issue of jurisdiction. Hence, we do not believe the ZHB violated Glen-Gery's constitutional right to due process by holding a hearing solely on the jurisdictional issue. In *Hopkins v. North Hopewell Tp. Zoning Hearing Board*, 154 Pa.Cmwlth. 376, 623 A.2d 938 (1993), we determined that where a ZHB lacks jurisdiction, it has no authority to issue an advisory opinion. Consequently, the jurisdictional issue in the present case had to be resolved before the ZHB could reach the merits of Glen-Gery's procedural challenge.

## II(b).

■ Glen-Gery's second argument is that the ZHB erred in dismissing its procedural challenge as untimely in reliance upon this Court's decision in *Schadler* and Section 5571(c)(5) of the Judicial Code. As we discussed above, the Supreme Court reversed our decision in *Schadler.* Thus, we must determine whether the ZHB erred in determining that Section 5571(c)(5) of the Judicial Code barred Glen-Gery's procedural challenge as untimely.

In *Taylor*, this Court recently examined this precise issue and concluded that Section 5571(c)(5) time-barred a procedural challenge to a municipal ordinance that prohibited logging in flood-prone areas of the township. In *Taylor*, we stated:

Although Taylor predicted the Supreme Court's treatment of our decision in *Schadler*, it does not necessarily follow that he now prevails on this issue because Section 5571(c)(5) of the Judicial Code has been amended.... Our Supreme Court specifically declined to address the impact of the amendment in *Schadler* because it was not in effect when the landowner in that case brought his procedural challenge. In this case, though, amended Section 5571(c)(5) of the Judicial Code governs, and we must address it because it took effect before Taylor raised his procedural challenge to Ordinance 335.

Under amended Section 5571(c)(5), the "intended effective date" of an ordinance is either (1) the date specified in the ordinance or (2) 60 days after the township otherwise finally adopts the ordinance, if no date is specified. Because the thirty-day statutory period for challenging alleged defects in the enactment of an ordinance begins on the "intended" effective date "but for the alleged defect in the process of enactment or adoption," Section 5571(c)(5) now means that the statutory period for bringing procedural challenges to local ordinances begins to run without regard to alleged procedural defects that potentially would preclude the ordinance from taking effect. Consequently, a determination of whether an ordinance is *actually* void

can only come after a timely procedural challenge to the ordinance under amended Section 5571(c)(5).

In this case, Ordinance 335 has as its intended effective date November 19, 2001. Taylor first challenged procedural problems with Ordinance 335 on June 18, 2003, nearly 18 months beyond the statutory deadline, making Taylor's challenge to any alleged defect in the enactment process time-barred under the amendment to Section 5571(c)(5).

*Taylor*, 851 A.2d at 1028–30 (footnotes omitted).

It appears that our rationale in *Taylor* is controlling in the case *sub judice* insomuch as Glen–Gery's procedural challenge was filed May 22, 2002, more than four years after the last previous enactment of the Zoning Ordinance and more than seven years after the last previous enactment of the Subdivision Ordinance. Glen–Gery, however, contends that despite its obvious language to the contrary, Section 5571(c)(5) does not apply to a procedural challenge to a land use ordinance governed by the MPC. Inasmuch as this Court noted in *Taylor* that the subject ordinance in that case was neither a zoning nor a subdivision ordinance and thus not governed by the MPC, Glen–Gery asserts that *Taylor* is distinguishable from the land use ordinance in the present case.

In support of its position that Section 5571(c)(5) does not apply to land use ordinances governed by the MPC, Glen–Gery also cites Section 1001–A of the MPC,[6] which provides that "[t]he procedures set forth in this [Article X–A: Appeals to Court] shall constitute the exclusive mode for securing review of any decision rendered pursuant to [Article IX: Zoning Hearing Board and Other Administrative Proceedings] or deemed to have been made under this act." Glen–Gery also cites *Cibula v. Bradford Tp.*, 25 Pa. Cmwlth. 333, 360 A.2d 812 (1976), wherein this Court stated that Section 1001–A of the MPC mandates that an appeal from the zoning hearing board be taken under the MPC.

As such, Glen–Gery maintains that this case is controlled by our decision in *Valianatos v. Zoning Hearing Board of Richmond Tp.*, 766 A.2d 903 (Pa.Cmwlth.2001), wherein this Court stated that if a municipality fails to comply with the notice provisions in enacting an ordinance, the 30–day appeal period in Section 909.1(a)(2) of the MPC for challenging that ordinance does not apply. Glen–Gery further claims that *Valianatos* is in accord with the Supreme Court's recent decision in *Schadler*.

In response, the Township cites Section 1002–A of the MPC,[7] which provides that "[a]ll appeals from all land use rendered pursuant to Article IX shall be taken to the court of common pleas of the judicial district wherein the land is located and shall be filed within 30 days after entry of the decision as provided in 42 Pa.C.S. § 5572 (relating to time of entry of order). . . ." The Township contends that by cross-referencing the Judicial Code in the MPC, the legislature made it clear that the Judicial Code is applicable to MPC proceedings.

In addition, the Township points out that Section 5571(c)(5) clearly states that it is applicable to "land use ordinances adopted pursuant to the [MPC]." 42 Pa. C.S. § 5571(c)(5). In interpreting Section 5571(c)(5), the Township relies on Sections 1921 and 1922 of the Statutory Construction Act of 1972 (SCA), 1 Pa.C.S. §§ 1921 and 1922. Section 1921(a) of the SCA

---

**6.** Added by the Act of December 21, 1988, P.L. 1329, 53 P.S. § 11001–A.

**7.** Added by the Act of December 21, 1988, P.L. 1329, 53 P.S. § 11002–A.

provides that "[t]he object of all interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly." I Pa.C.S. § 1921(a). "Every statute shall be construed, if possible, to give effect to all of its provisions." *Id.* Section 1922(2) of the SCA provides it is presumed that "the General Assembly intends the entire statute to be effective and certain." 1 Pa.C.S. § 1922(2).

Furthermore, Section 1932 of the SCA provides that statutes which relate to the same thing should be construed together. 1 Pa.C.S. § 1932. Section 1936 of the SCA provides that "[w]henever the provisions of two or more statutes enacted finally by different General Assemblies are irreconcilable, the *statute latest in date of enactment shall prevail.*" 1 Pa.C.S. § 1936 (emphasis added).

In applying the above principles of statutory construction, we believe that the General Assembly clearly intended that Section 5571(c)(5) of the Judicial Code applies to land use ordinances adopted pursuant to the MPC. Not only was it adopted later in time than the MPC, but it also unequivocally states that it was intended to apply to land use ordinances enacted under the MPC.[8] Consequently, we conclude that Glen–Gery's argument to contrary is at odds with the well-settled principles of statutory construction and, therefore, lacks merit.

### II(c).

■ Glen–Gery also contends that Act 2002–215 is invalid insomuch as it retroactively extinguishes Glen–Gery's right to challenge the Township's Zoning Ordinance and Subdivision Ordinance. Glen–Gery, however, acknowledges that the "Pennsylvania General Assembly expressly attempted to make [Act 2002–215] retroactive to December 31, 2000." Glen Gery's Supplemental Brief at 5. As discussed above, Section 6 of Act 2002–215 provides that the amendment to Section 5571(c)(5) "shall apply to an appeal or challenge relating to an alleged defect in the process of the enactment or adoption of any ordinance, resolution, map or similar action commenced after December 31, 2000." *See* Act of December 9, 2002, P.L. 1705.

■ Section 1926 of the SCA provides that "[n]o statute shall be construed to be retroactive unless clearly and manifestly so intended by the General Assembly." 1 Pa.C.S. § 1926. A law is retroactive if it relates back and gives a previous transaction a different legal effect than it would have had under the law that was in effect when that transaction occurred. *Keystone Coal Mining Corp. v. Workmen's Compensation Appeal Board (Wolfe),* 673 A.2d 418 (Pa.Cmwlth.1996). Legislation that affects rights may not be interpreted to be retroactive unless it is declared to be retroactive in the act. *Morabito's Auto Sales v. Department of Transportation,* 552 Pa. 291, 715 A.2d 384 (1998).

■ "Amendatory statutes, in particular, are to be construed as retroactive only where such a construction is so clear as to preclude all questions as to the intent of the General Assembly." *Wolfe,* 673 A.2d at 420. "This rule of statutory construction is particularly applicable when the

---

**8.** As discussed above, Section 5571(c)(5) provides in part that *"[n]otwithstanding section 909.1(a)(2) of the [MPC],* questions relating to an alleged defect in the process of enactment or adoption of *any ordinance,* resolution, map or similar action of a political subdivision, including appeals *and challenges to the validity of land use ordinances adopted pursuant to the [MPC],* shall be raised by appeal or challenge commenced within 30 days after the intended effective date of the ordinance, resolution, map or similar action."* (Emphasis added.)

legislation in question interferes with existing contractual obligations or antecedent rights." *Stroback v. Camaioni,* 449 Pa.Super. 395, 674 A.2d 257, 260–261 (1996).

In applying the above-mentioned rules of statutory construction to the amendment to Section 5571(c)(5), we believe that it is clear from the language of Section 6 of Act 2002–215 that the General Assembly obviously intended that it applies to a challenge relating to an alleged defect in the process of the enactment or adoption of any ordinance *commenced after December 31, 2000.* Glen–Gery, however, cites *Kenyon v. Stewart,* 44 Pa. 179 (1863), a Civil War-era decision that upheld a provision retroactively limiting contests of wills to five years after probate even though probate had previously been open to contest indefinitely. In *Kenyon,* the Supreme Court noted that the statute was saved because it included a two-year grace period. Based on *Kenyon,* Glen–Gery contends that Section 5571(c)(5) is invalid because it contains no grace period protecting the right of private litigants to make procedural challenges more than 30 days after the intended effective date of an ordinance.

We find *Kenyon* to be readily distinguishable from the present case inasmuch as it is does not deal with procedural challenges to municipal ordinances, but rather an ejectment action commenced in the mid–1800's based upon an 1833 will. Moreover, neither Section 1926 of the SCA, 1 Pa.C.S. § 1926, nor the Supreme Court in its 1998 decision in *Morabito's Auto Sales* requires that a grace period be provided when the General Assembly enacts a retroactive statute which affects substantive rights. Therefore, we further conclude that Act 2002–215, which makes the amendment to Section 5571(c)(5) retroactive to December 31, 2000, is not invalid.

In view of the foregoing, we deny the Township's motion to dismiss Glen–Gery's appeal, and affirm the December 22, 2003 order of the trial court.

### *ORDER*

AND NOW, this 28th day of July, 2004, for the reasons stated in the foregoing opinion: (1) Intervenor's motion to dismiss Glen Gery's above-captioned appeal as moot is DENIED; (2) the December 22, 2003 order of the Court of Common Pleas of York County is AFFIRMED.