RURAL ROUTE NEIGHBORS, Susan J. English, Andrew J. Stockdale, Gina Stockdale, Charles G. Zerbe, and Nancy A. Zerbe, Appellants,

v.

EAST BUFFALO TOWNSHIP ZONING HEARING BOARD, Craigarm, L.P., Frank Lewis, Jon Lewis and Kent Lewis.

Commonwealth Court of Pennsylvania.

Submitted Jan. 7, 2005.
Decided Feb. 15, 2005.
Reconsideration and Reargument Denied April 14, 2005.

William C. Crosswell, Lancaster, for appellants.

Ronald M. Lucas, Harrisburg, for appellee, Craigarm, L.P.

BEFORE: PELLEGRINI, Judge, and LEAVITT, Judge, and McCLOSKEY, Senior Judge.

OPINION BY Senior Judge McCLOSKEY.

This matter involves a procedural appeal related to the enactment of a zoning ordinance. Rural Route Neighbors, an unincorporated association, Susan J. English (English), Andrew J. Stockdale (Andrew Stockdale), Gina Stockdale (Gina Stockdale), and Charles G. Zerbe and Nancy A. Zerbe (collectively referred to as the Zerbes), appeal from two orders of the Court of Common Pleas of the 17th Judicial District, Union County Branch (trial court), issued October 29, 2003, and February 5, 2004.[1] By the order issued October 29, 2003, the trial court denied Appellants' motion to present additional evidence in the matter before the trial court. By the order issued February 5, 2004, the trial court affirmed the decision of the East Buffalo Township Zoning Hearing Board (the Zoning Hearing Board) and dismissed the appeal. By order dated August 27, 2004, this Court reversed in part, affirmed in part, and remanded the matter to the trial court. On September 3, 2004, Appellee filed an application for reconsideration, to which Appellants responded by filing an answer. By order dated October 22, 2004, the Court granted the application for reconsideration and vacated the Court's opinion and order of August 27, 2004. The matter was resubmitted on briefs. We now affirm.

1. Rural Route Neighbors, English, the Stockdales, and the Zerbes shall collectively be referred to as "Appellants."

East Buffalo Township Board of Supervisors adopted Township Ordinance No. 227 (the Ordinance) on February 12, 2001. The·Ordinance had the.effect of changing the zoning district classification of a 5.08 acre tract of land located along Beagle Club Road and U.S. Route 15 in East Buffalo Township, Union County, Pennsylvania. The zoning district classification changed from low density residential to highway commercial.

More than twenty-one months later, on December 4, 2002, English and Andrew Stockdale filed an appeal with the Zoning Hearing Board, challenging the validity of the.enactment of the Ordinance, pursuant to Section 909.1(a)(2) of the Pennsylvania Municipalities Planning Code (MPC),[2] Act of July 31, 1968, P.L. 805, *as amended, added by,* Act of December 21, 1998, P.L. 1329, 53 P.S. § 10909.1(a)(2), alleging improper public notice and statutory violations relating to notice to the Township and the Union County Planning Commission. On December 19, 2002, English, Andrew Stockdale and Rural Route Neighbors, the latter of which did not participate in the filing of the initial appeal, filed a supplement to the appeal.

A hearing was conducted before the Zoning Hearing Board on January 29, 2003. By opinion and order dated March 17, 2003, the Zoning Hearing Board dismissed the appeal of English and Andrew Stockdale, concluding that it was not filed in a timely manner. (Appellants' Brief at Appendix "A"). Specifically, the Zoning

Hearing Board concluded that the challenge to the Ordinance was not filed in a timely manner and must be dismissed "inasmuch as ... Act Number 215 of 2002 [ (Act 215 of 2002), Act of December 9, 2002, P.L. 1705, *amending* Section 5571(c)(5) of the Judicial Code, 42 Pa.C.S. § 5571(c)(5),] which became effective on December 9, 2002, requires that such challenges be filed within thirty days after the intended effective date." *Id.* In the alternative, it concluded that the appeal was untimely because it was not filed within thirty days of the effective date of the Ordinance. *Id.* It based that determination on this Court's decision in *Schadler v. Zoning Hearing Board of Weisenberg Township,* 814 A.2d 1265 (Pa.Cmwlth. 2003), *reversed,* 578 Pa. 177, 850 A.2d 619 (2004), which subsequently has been reversed by our Supreme Court. *Id.* Also in the alternative, the Zoning Hearing Board concluded that there were no defects in the process of the enactment or adoption of the Ordinance that would render it invalid. *Id.*

A timely notice of appeal was filed with the trial court. The parties listed on the notice of appeal included all of the Appellants captioned in this matter. Craigarm, L.P., the equitable owner of the subject property, filed a notice of intervention in this matter on May 6, 2003. In addition, on May 8, 2003, Frank Lewis, Jon Lewis and Kent Lewis (the Lewises), the legal owners of the subject property, also filed a notice of intervention in this matter.[3]

---

**2.** Section 909.1 of the Municipalities Planning Code sets forth the jurisdiction of a zoning hearing board and provides, as follows:

(a) The zoning hearing board shall have exclusive jurisdiction to hear and render final adjudications in the following matters:

. . .

(2) Challenges to the validity of a land use ordinance raising procedural questions or alleged defects in the process of enact-

ment or adoption which challenges shall be raised by an appeal taken within thirty days after the effective date of said ordinance. . . .

**3.** Craigarm, L.P., the Lewises and the East Buffalo Township Zoning Hearing Board shall be collectively referred to as "Appellees."

It appears that while the matter was before the trial court, Appellants moved to present additional evidence. By interlocutory order issued October 29, 2003, the trial court denied that motion. (Appellants' Brief at Appendix "B").

By opinion and order issued February 5, 2004, the trial court affirmed the decision of the Zoning Hearing Board. (Appellants' Brief at Appendix "C"). First, the trial court concluded that although Rural Route Neighbors and Gina Stockdale and the Zerbes are identified in the caption of the matter as appellants, they have no official capacity in this action, and it ordered that they be stricken. *Id.* The trial court further concluded that the appeal was untimely, and it chose not to address the remaining issues raised by English and Andrew Stockdale, the proper appellants. *Id.* Appellants filed a timely notice of appeal, appealing both the order issued October 29, 2003, and the order issued February 5, 2004, to this Court. These orders are the subject of the matter now before us.

On appeal,[4] Appellants raise several issues. First, Appellants argue that the Zoning Hearing Board erred in its determination that Act 215 of 2002 is applicable to a challenge to the procedural validity of an ordinance filed to a municipal zoning hearing board rather than to a court. Second, Appellants argue that the Zoning Hearing Board erred in its determination that, notwithstanding Act 215 of 2002, this Court's decision in *Schadler*, compels a determination that the challenge to the Ordinance was untimely. Third, Appellants argue that the East Buffalo Township Board of Supervisors failed to follow the MPC, when enacting the Ordinance. Fourth, Appellants argue that the trial court erred in holding that some of the Appellants lacked standing. Finally, Appellants argue that the trial court erred in denying Appellants' motion requesting permission to present additional evidence.

On December 4, 2002, the date that English and Andrew Stockdale filed their appeal with the Zoning Hearing Board and prior to the enactment of Act 215 of 2002, the exception set forth at Section 5571(c)(5) of the Judicial Code read as follows:

Ordinances, resolutions, maps, etc.— Questions relating to an alleged defect in the process of enactment or adoption of any ordinance, resolution, map or similar action of a political subdivision shall be raised by appeal commenced within 30 days after the *effective date* of the ordinance, resolution, map or similar action. (Emphasis added.)

Thereafter, Section 5571(c)(5) of the Judicial Code was amended by Section 3 of Act 215 of 2002. The amended text read as follows:

Ordinances, resolutions, maps, etc.— Notwithstanding section 909.1(a)(2) of the . . . [MPC], questions relating to an alleged defect in the process of enactment or adoption of any ordinance, resolution, map or similar action of a political subdivision, including appeals and chal-

4. The scope of review in a zoning appeal where a court of common pleas takes no additional evidence is limited to determining whether the zoning hearing board committed an abuse of discretion or error of law. *Tu–Way Tower Company v. Zoning Hearing Board of the Township of Salisbury,* 688 A.2d 744 (Pa.Cmwlth.1997); *Human Services Consultants, Inc., v. Zoning Hearing Board of Butler Township,* 137 Pa.Cmwlth. 594, 587 A.2d 40 (1991). An abuse of discretion can only be found if the zoning hearing board's findings are not supported by substantial evidence, that is, such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Bailey v. Upper Southampton Township,* 690 A.2d 1324 (Pa.Cmwlth.1997).

lenges to the validity of land use ordinances adopted pursuant to the ... [MPC], shall be raised by appeal or challenge commenced within 30 days after the *intended effective date* of the ordinance, resolution, map or similar action. As used in this paragraph, *the term 'intended effective date' means the effective date specified in the ordinance, resolution, map or similar action or, if no effective date is specified, the date 60 days after the date the ordinance, resolution, map or similar action was finally adopted but for the alleged defect in the process of enactment or adoption.* (Emphasis added.)

Section 6 of Act 215 of 2002 provided that the amendment to Section 5571(c)(5) of the Judicial Code "shall apply to an appeal or challenge relating to an alleged defect in the process of the enactment or adoption of any ordinance ... commenced *after* December 31, 2000." (Emphasis added). Act 215 of 2002 was enacted on December 9, 2002. Section 9 of Act 215 of 2002 provides that portions of Act 215 of 2002, including the amendment of Section 5571(c)(5) of the Judicial Code, "shall take effect immediately." Other provisions of Act 215 of 2002 were to take effect in sixty days.

East Buffalo Township adopted the Ordinance on February 12, 2001. Appellants filed their appeal on December 4, 2002, and filed their supplement to the appeal on December 19, 2002.

Appellants take the position that the MPC sets forth the exclusive procedure to follow for the enactment or amendment of a zoning ordinance and that the Township's alleged failure to follow the proper procedures renders the Ordinance void ab initio. Section 909.1(a)(2) of the MPC provides that a challenge must be filed "within 30 days after the effective date of such ordinance." Citing *Cranberry Park Associates v. Cranberry Township Zoning Hearing Board*, 561 Pa. 456, 751 A.2d 165 (2000), Appellants contend that because the Ordinance is void ab initio, it never became effective; thus, the statutory provisions which provide that the computation of the time period for a challenge commences on the Ordinance's effective date are inapplicable.[5] Hence, Appellant's take the position that, pursuant to the reasoning set forth in *Cranberry Park Associates*, the appeal should not have been dismissed as untimely.

■■■ Appellants argue that the Zoning Hearing Board and trial court improperly relied upon Act 215 of 2002, which amended Section 5571(c) of the Judicial Code, when they concluded that the appeal was untimely. Appellants contend that Section 5571(c)(5) of the Judicial Code applies only to appeals to courts, and that because a procedural challenge to the validity of a zoning ordinance is filed to a municipal zoning hearing board, Section 5571(c) of the Judicial Code is inapplicable.

This Court, in *Glen–Gery Corporation v. Zoning Hearing Board of Dover*, 856 A.2d

---

**5.** In *Cranberry Park Associates*, a developer applied for a grading permit in 1995 and commenced grading while the application was pending. Subsequently, the township denied the permit. It then issued a notice of violation and stop work order. In response, the developer filed an appeal, challenging the validity of the grading ordinance because it was never numbered, dated, signed or recorded. The township had sought to enact the ordinance in 1987. However, the Supreme Court concluded that the ordinance was void ab initio because of the defects in its enactment and, therefore, it never became effective and the appeal period never began to run. The applicable law at the time provided that an ordinance becomes effective five days after its adoption. Because the proper adoption procedures were not followed, the ordinance never became effective.

884 (Pa.Cmwlth.2004), specifically addressed the issue of whether Section 5571(c)(5) of the Judicial Code, as amended by Act 215 of 2002, is applicable to appeals to zoning hearing boards or whether it is applicable only to appeals to courts. In *Glen–Gery*, the Court was presented with procedural challenge filed by a landowner to the validity of both the township's zoning ordinance and subdivision ordinance. At the time the challenge was filed in May of 2002, the latest enactment of the zoning ordinance was September 8, 1997, and the latest enactment of the subdivision ordinance was February 13, 1995. On April 25, 2003, the township's zoning hearing board dismissed the challenge as untimely in reliance upon this Court' decision in *Schadler* and Section 5571(c)(5) of the Judicial Code, as amended. The landowner appealed, arguing that the zoning hearing board erred in dismissing its procedural challenge. The landowner took issue with this Court's decision in *Schadler* and the substance and retroactivity of the amended Section 5571(c)(5) of the Judicial Code. Recognizing that the Supreme Court reversed our decision in *Schadler*, we then addressed the issue of whether the zoning hearing board erred in determining that amended Section 5571(c)(5) of the Judicial Code barred the procedural challenge as untimely.

In *Glen–Gery*, we specifically determined that the amended Section 5571(c)(5) of the Judicial Code applies to land use appeals filed before the zoning hearing boards, including the landowner's challenge of the township's zoning ordinance and subdivision ordinance, and must be applied retroactively to appeals filed after December 31, 2000. We wrote:

> In applying the above principles of statutory construction, we believe that the

General Assembly clearly intended that Section 5571(c)(5) of the Judicial Code[, as amended,] applies to land use ordinances adopted pursuant to the MPC. Not only was it adopted later in time than the MPC, but it also unequivocally states that it was intended to apply to land use ordinances enacted under the MPC. Consequently, we conclude that Glen–Gery's argument to the contrary is at odds with the well-settled principles of statutory construction and, therefore, lacks merit.

*Glen–Gery*, 856 A.2d at 892. Additionally, we wrote:

> In applying the above-mentioned rules of statutory construction to the amendment to Section 5571(c)(5), we believe that it is clear from the language of Section 6 of Act 2002–215 that the General Assembly obviously intended that it applies to a challenge relating to an alleged defect in the process of the enactment or adoption of any ordinance commenced after December 31, 2000.

*Glen–Gery*, 856 A.2d at 893. Given such analysis, we must conclude that Section 5571(c)(5) of the Judicial Code, as amended, applies to the proceeding before the Court in this matter and must be applied retroactively.

Appellants attempt to argue that the retroactivity provision of Act 215 of 2002 was not effective when they filed their challenge on December 4, 2002, and their supplement on December 19, 2002. While Section 9 of Act 215 of 2002 provided that the amendment of Section 5571(c)(5) of the Judicial Code, along with certain other amendments and sections of the Act, would take effect immediately, all other provisions of Act 215 of 2002 were to be effective in sixty days or on February 7, 2003.[6]

---

6. Section 9 of Act 215 of 2002 reads as follows:

This act shall take effect as follows:

Appellants contend that because Section 6 of Act 215 of 2002, was not specifically referenced as taking effect immediately, the retroactivity provision for the amended Section 5571(c)(5) of the Judicial Code did not take effect until February 7, 2003. However, we must reject that argument. Section 6 relates to the application of the amendment of Section 5571(c)(5) and, therefore, must be considered to become effective at the same time as the effectiveness of the amendment.[7] Hence, we conclude that Appellants' appeal and supplement to the appeal, filed December 4, 2002, and December 19, 2002, respectively, are untimely.

Appellants initially advanced the argument that the Zoning Hearing Board erred in its determination that, notwithstanding Act 215 of 2002, this Court's decision in *Schadler* compels a determination that the challenge to the Ordinance was untimely.

However, the Supreme Court reversed our decision in *Schadler*. Appellants acknowledge in their answer to the application for reconsideration that the Supreme Court's opinion in *Schadler* is not relevant to this matter, as the Supreme Court did not have to reach a determination as to the effect of any portion of Act 215 of 2002, which is at issue in this case. Hence, we need not address further the issue relating to *Schadler*.[8]

Because we conclude that the trial court did not err when it concluded that the appeal was untimely, we need not address the remaining issues.

Accordingly, the order of the trial court, issued February 5, 2004, is affirmed.

### ORDER

AND NOW, this 15th day of February, 2005, the order of the Court of Common

---

(1) The following provisions shall take effect immediately:
    (i) The amendment of 42 Pa.C.S. §§ 911(a) and 5571(c)(5).
    (ii) The amendment of 42 Pa.C.S. § 8127(a)(3.1) and (3.2), (c), (f), and (h).
    (iii) Section 7 of this act.
    (iv) This section.
(2) The remainder of this act shall take effect in 60 days.

7.  Assuming for purpose of argument only that the retroactive effect of the amendment to Section 5571(c)(5) of the Judicial Code did not take effect until February 7, 2003, the challenge was still pending on such date, as a decision was not rendered by the Zoning Hearing Board until March 17, 2003. Therefore, as of February 7, 2003, the provision of Section 6 of Act 215 of 2002 that provided that the amendment "shall apply to an appeal or challenge relating to an alleged defect in the process of the enactment or adoption of any ordinance ... commenced *after* December 31, 2000" would have become effective, thereby causing the appeal to be untimely. The result would be the same.

8.  This Court in *Schadler*, reasoning that the Supreme Court's earlier decision in *Cranberry Park* was no longer controlling, held that an

appeal filed with the zoning hearing board seven months after the adoption of a zoning ordinance was untimely notwithstanding alleged defects in the adoption procedure. However, subsequent to the decision of the Zoning Hearing Board and the order and opinion of the trial court in this matter, our Supreme Court reversed the Commonwealth Court's decision in *Schadler*. The Supreme Court held that the procedural appeal, although filed seven months after the adoption of the ordinance that placed restrictions on mobile home parks, was timely because of procedural infirmities at issue in that case rendered the ordinance void ab initio. In *Schadler*, the Supreme Court was not presented with the issue of whether Section 5571(c)(5) of the Judicial Code, as amended, applied to appeals to court and to appeals to tribunals such as zoning hearing boards. Moreover, the Supreme Court analyzed the situation under the pre-amendment language of Section 5571(c)(5) of the Judicial Code. Also, the challenge in that case was filed in August, 2000, which was prior to the effective date of Act 215 of 2002 and prior to the date to which Act 215 of 2002 may be applied retroactively, which is December 31, 2000.

Pleas of the 17th Judicial District, Union County Branch (trial court), is affirmed.