H. R. Miller Co., Inc. and H. Raymond Miller *v.* Charles F. Bitler, Jr., Zoning Officer of Lancaster Township, Lancaster County, Pennsylvania. H. R. Miller Co., Inc., Appellant.

Argued September 11, 1975, before President Judge Bowman and Judges Kramer and Mencer, sitting as a panel of three.

*Nevin Stetler,* with him *Stuart M. Neely,* and *Stetler & Gribbin,* for appellant.

*Louis J. Farina,* with him *May, Grove, Stork & Blakinger,* for appellee.

OPINION BY JUDGE KRAMER, October 29, 1975:

This is an appeal by H. R. Miller Co., Inc., and H. Raymond Miller (collectively referred to as Miller) from an order of the Court of Common Pleas of Lancaster County which dismissed Miller's complaint in mandamus. The complaint had requested that the court order the appellee, Charles F. Bitler, to issue permits authorizing Miller to expand preexisting quarrying operations and to commence new quarrying operations.

On August 21, 1972, Miller requested that the Zoning Hearing Board of Lancaster Township conduct a hearing to resolve certain questions of law and fact relative to his quarrying activities. Along with Miller's request for a hearing, five specific questions were propounded by Miller and submitted to the Board. Extensive hearings were held on three separate days, concluding on January 9, 1973. On April 17, 1973, 98 days after the final hearing, the Board's "Decision" was issued. The decision provided specific answers to the five questions propounded by Miller, all of the answers being adverse to Miller's plans.

On September 12, 1974, Miller applied for the permits in question. Bitler (on September 23, 1974) refused to issue them, and Miller filed the instant action in mandamus, alleging a clear legal right to the permits and a corresponding clear legal duty on the part of Bitler to issue them. The parties agree upon the fundamental requirements for relief in mandamus[1] and the only issue is whether those requirements are met.

Miller argues that the right to the permits follows from the application of Section 908(9) of the Pennsylvania Municipalities Planning Code (MPC), Act of July

---

1. *See City of Greensburg v. Cooper,* 14 Pa. Commonwealth Ct. 419, 322 A.2d 152 (1974) and *Larson v. Pierce Junior College,* 11 Pa. Commonwealth Ct. 271, 314 A.2d 572 (1973).

31, 1968, P. L. 805, *as amended,* 53 P. S. §10908, which provides in pertinent part as follows:

> "The board or the hearing officer, as the case may be, shall render a written decision or, when no decision is called for, make written findings on the application within forty-five days after the last hearing before the board or hearing officer. . . . *Where the board has power to render a decision* and the board or the hearing officer, as the case may be, fails to render the same within the period required by this subsection, the decision shall be deemed to have been rendered in favor of the applicant unless the applicant has agreed in writing to an extension of time." (Emphasis added.)

Miller contends that since the Board did not answer the five questions posed to it within 45 days, we are bound by a conclusive presumption that the questions were resolved in favor of Miller. *See Humble Oil and Refining Company v. East Lansdowne Borough,* 424 Pa. 309, 227 A. 2d 664 (1967) and *Foltz v. Monroeville,* 5 Pa. Commonwealth Ct. 304, 290 A. 2d 269 (1972). A reading of the questions would lead, *inter alia,* to conclusions that Miller's proposed quarrying should be permitted as an expansion of a nonconforming use or by virtue of a variance.

The 45-day rule is only applicable if the Board had the power to render a decision on the questions propounded by Miller. Our examination of the relevant provisions of the MPC disclose no authority in the Board to render the purely advisory opinion sought initially by Miller. The Board's powers are specifically enumerated in Sections 909, 910, 912 and 913 of the MPC, 53 P.S. §§10909, 10910, 10912 and 10913, and these provisions require that some specific relief be requested in the form of a variance, a special exception, relief from the action of a zoning officer, or a ruling on the substantive invalidity of an ordinance. The Board was without jurisdiction to resolve Miller's questions until after he had requested some spe-

cific relief authorized by the MPC. In *Humble Oil* and *Foltz, supra,* specific applications were made *prior* to the hearing of evidence, and the jurisdiction of the respective boards was unquestioned.

In light of the above, we affirm the order of the lower court.