623 A.2d 938

Thomas E. HOPKINS and Karen A. Hopkins, Appellants,

v.

NORTH HOPEWELL TOWNSHIP
ZONING HEARING BOARD.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Feb. 5, 1993.

Decided March 24, 1993.

Edward B. Golla, for appellants.

Herman A. Gailey, III, for appellee.

Before COLINS and FRIEDMAN, JJ., and LORD, Senior Judge.

LORD, Senior Judge.

Thomas and Karen Hopkins appeal a common pleas court order vacating a determination of the North Hopewell Township zoning board. We affirm the common pleas court's decision.

The Hopkinses own a forty-six acre farm in the agricultural zone of the township. On it there is a farmhouse that predates enactment of the township zoning ordinance. The record indicates that, in May of 1991, Thomas Hopkins filed an application for a building permit to construct a new building elsewhere on the tract as a residence. The permit application indicated that Hopkins would convert the existing residence into a storage building. The township zoning officer granted this permit.

In June of that year, the Hopkinses submitted to the North Hopewell board of supervisors an application for approval of a subdivision plan that called for dividing the tract into six contiguous 1 and ½ acre lots, one of which contained the

existing residence, now designated as a storage building. In addition, the subdivision application showed a seventh lot with a newly constructed residence on it in the tract comprised of the remaining acreage. After review and comments by the York County Planning Commission, the supervisors preliminarily indicated that they would disapprove the plan.

Then, in July, the Hopkinses submitted an application to the zoning hearing board entitled "Request for Interpretation," asking the board to interpret section 304 of the North Hopewell zoning ordinance and specifically posing ten questions for interpretation. Among these questions was whether the 46-acre tract could be subdivided into six residential lots and in addition contain a seventh dwelling for the Hopkinses use, designated by them as a "prime farmstead" as that term is defined in the zoning ordinance.[1]

In the interim, on September 5, the board of supervisors denied the Hopkinses' subdivision plan. The Hopkinses appealed this decision but subsequently discontinued their appeal.

Then, on October 10, the zoning hearing board issued its decision. The board noted its misgivings about its ability to render a decision because the "matter [did] not appear to fit within the categories" over which the Municipalities Planning Code [2] gave it jurisdiction. Nonetheless, "in an effort to be helpful," the board "interpret[ed] the applicable provisions of the ... Ordinance as allowing to the Hopkins 46 acre tract the rights to only 6 Single Family Detached Dwellings and no

1. The zoning hearing board's decision indicates, and the Hopkinses do not dispute, that section 304 of the ordinance permits parcels of seventy-five acres or less in the agriculture zone to be subdivided for a maximum of six dwellings, excluding the prime farmstead. Thus, if the Hopkinses intended new residence is considered a prime farmstead, they have six lots available to them for development in addition to the new residence for their use. "Prime farmstead" is defined in the ordinance as an existing dwelling unit associated with a farm which has been continuously inhabited or fit for habitation since 1975. For the reasons discussed herein, we decline, as did the common pleas court, to address whether the zoning hearing board's interpretation of the ordinance is correct.

2. Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §§ 10101–11201.

Prime Farmstead." (zoning hearing board decision, 10/1/1991, p. 2). Dissatisfied with this interpretation, the Hopkinses filed an appeal in the common pleas court.

The court declined to address the merits of the Hopkinses appeal and vacated the zoning hearing board's determination, concluding that the board lacked jurisdiction to grant the relief the Hopkinses sought. We agree.

Section 909.1(a) of the MPC, 53 P.S. § 10909.1(a), sets forth the jurisdiction of zoning hearing boards. These bodies are charged "to hear and render *final adjudications* ..." in such matters, *inter alia,* as validity challenges to zoning ordinances; appeals of zoning officers' permit actions; variance and special exception applications. Nowhere in this provision or those setting forth zoning boards' functions [3] does the MPC empower a zoning board to grant the relief the Hopkinses requested—that is, an interpretation of the zoning ordinance. As we said in *H.R. Miller Co., Inc. v. Bitler,* 21 Pa.Commonwealth Ct. 466, 468, 346 A.2d 887, 888 (1975), there is no authority in a zoning hearing board to render a purely advisory opinion.

The Hopkinses argue that the board's decision is not merely advisory because, at the time they submitted their application, there was a specific proposal for a seven-lot subdivision plan pending. Yet the zoning board was obviously not considering an appeal from the denial of the Hopkinses' subdivision plan, for the zoning board does not have such authority, and, as we have noted, while the Hopkinses appealed *that* decision to the common pleas court, their appeal was eventually withdrawn.

The Hopkinses alternatively suggest, however, that the zoning board had before it a request for "specific relief in the nature of a variance to move the non-conformity [i.e., the preexisting farmstead] to a new area...." (Appellants' brief, p. 14). The Hopkinses certainly did not submit an application for a variance, with its attendant requirement to make out a case for unnecessary hardship due to the unique physical circumstances or conditions of the property. In their applica-

[3]. 53 P.S. § 10910.2; 53 P.S. § 10912.1.

tion, the Hopkinses asked for an interpretation of the zoning ordinance, not a variance from it.

Nonetheless, the Hopkinses are of the belief that a zoning hearing board has jurisdiction "to render an opinion interpreting the ordinance when a zoning officer's decision is disputed by a landowner, a municipality or aggrieved third party". To advance this proposition the Hopkinses must ignore two pertinent facts. First, in this case, the only decision they received from the zoning officer was favorable to them. Second, it was they—not the municipality—who made an application for relief to the zoning hearing board. The municipality did not dispute any decision by the township zoning officer.

Because we have determined that the common pleas court was correct in its conclusion that the North Hopewell Township zoning hearing board did not have jurisdiction, we will affirm its decision to vacate the board's determination.

## ORDER

AND NOW, this 24th day of March, 1993, the order of the York County Common Pleas Court dated August 14, 1992, at No. 91–SU–05111–08, is hereby affirmed.