# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

In re: Appeal by Friends of Church :
Street Community Association from the :
Decision of the Zoning Hearing Board :
of Phoenixville Borough dated May 2, 2022 : No. 801 C.D. 2023
 : SUBMITTED: April 11, 2024
Appeal of: Friends of Church Street :
Community Association and Tracy Tackett  :


BEFORE: HONORABLE ANNE E. COVEY, Judge
  HONORABLE CHRISTINE FIZZANO CANNON, Judge
  HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


**OPINION NOT REPORTED**

**MEMORANDUM OPINION BY**
**SENIOR JUDGE LEADBETTER**    **FILED: May 10, 2024**


  In this case, we address whether the Zoning Hearing Board of the Borough of Phoenixville properly dismissed what amounted to a request for an advisory opinion. We have held repeatedly that a zoning hearing board may not issue advisory opinions to the owner of a property.[1] Today we apply that rule to third parties that seek to obtain advisory opinions concerning construction proposed on properties in which the third parties have no ownership or leasehold interest. Therefore, we affirm the order of the Court of Common Pleas of Chester County affirming the Board's decision and dismissing Appellants' appeal.

  The relevant facts as found by the Board are as follows. (Bd. Decision and Order, Findings of Fact "F.F." 1-32, Reproduced Record "R.R." at 26a-30a.)

---

[1] *Joe Darrah, Inc. v. Zoning Hearing Bd. of Spring Garden Twp.*, 928 A.2d 443, 447 n.8 (Pa. Cmwlth. 2007); *Hopkins v. N. Hopewell Twp. Zoning Hearing Bd.*, 623 A.2d 938, 940 (Pa. Cmwlth. 1993); *H.R. Miller Co., Inc. v. Bitler,* 346 A.2d 887, 888 (Pa. Cmwlth. 1975).

Tracy Tackett and the Friends of Church Street Community Association[2] (collectively, Appellants), are concerned about issues relating to proposed development at 34 South Main Street and/or 207-209 Church Street, Phoenixville. Main Street Lofts, LLC (Landowner) owns the subject property. In December 2021, Landowner obtained final approval of a subdivision and land development plan for the property from the Phoenixville Borough Council.[3] Although Appellants appealed the final approval of the development plan to the trial court, that matter is not before us. There is no indication in the record as to whether Landowner has sought a building or zoning permit from the Zoning Officer.

Shortly after the approval of the development plan by the Borough, Appellants submitted to the Zoning Officer a "Zoning Verification Request" form with requests to "confirm" the applicability of various Borough zoning ordinance[4] provisions to the proposed construction (Zoning Verification Request, R.R. at 637a). The Zoning Officer issued a letter captioned "Standard Commentary" containing various "Zoning Determinations" opining on the applicability of provisions of the Borough's zoning ordinance to the subject property (Zoning Officer Letter, R.R. at 115a-117a), although the letter does not reference a specific plan or proposal. (Bd.

[2] The Friends of Church Street is "an organization comprised of residents, property owners[,] and business owners concerned about the development currently proposed at 34 South Main Street and/or 207-209 Church Street, Phoenixville." (Bd. Decision and Order, F.F. 2, R.R. at 96a.) Ms. Tackett is a member of the group who "resides and works at 225 Church Street, about 200 feet from 34 South Main Street and/or 207-209 Church Street, Phoenixville." (*Id.*)

[3] The resolution by which the Borough approved the plan stipulated that final approval of the development plan was subject to "strict compliance" with the Borough's zoning ordinance or Landowner obtaining any required variances. (Borough Resolution, R.R. at 658a.)

[4] Phoenixville Borough Zoning Ordinance of 2013 (Dec. 10, 2013) (R.R. at 150a-258a).

Decision and Order, F.F. 9-11, R.R. at 27a.) Appellants were dissatisfied with the answers contained in the letter and appealed to the Board.[5]

A public hearing on the appeal was held before the Board in February 2022. Landowner and the Borough each appeared at the hearing and were granted party status without objection. Both Landowner and the Borough raised the question of the Board's jurisdiction to hear the appeal, and the Board directed the parties to brief the matter. Ultimately, the Board determined that it lacked jurisdiction to entertain the appeal, concluding as follows:

> 5. The Letter is not a preliminary opinion of the Zoning Officer under [] Section 916.2 [of the Pennsylvania Municipalities Planning Code (MPC),[6] 53 P.S. § 10916.2], that may be appealed under [] Section 909.1(a)(8) [of the MPC,[7] 53 P.S. § 10909.1(a)(8),] because the Landowner did not seek an opinion and the Application does not challenge the substantive validity of the Zoning Ordinance. *See Friends of Lackawanna v. Dunmore Zoning Hearing Bd.*, 227 A.3d 37, 42 (Pa. Cmwlth. 2020).
>
> 6. The Letter does not constitute a final action that the Zoning Officer is authorized to take because it does not pertain to a specific request for relief, a pending subdivision and land development application, a zoning enforcement action, or the status of a nonconforming use and is thus not an appealable determination under [] Section 909.1(a)(3) [of the MPC, 53 P.S. § 10909.1(a)(3)].

---

[5] Landowner had previously submitted a development plan for the subject property and Appellants filed a zoning verification request. The Zoning Officer issued a letter response which Appellants appealed to the Board. The Board issued a decision which Appellants appealed to the trial court. Ultimately, Appellants withdrew that prior appeal.

[6] Act of July 31, 1968, P.L. 805, *as amended*, added by Act of December 21, 1988, P.L. 1329.

[7] Added by Act of December 21, 1988, P.L. 1329.

7. No other basis for the Board's jurisdiction provided by the MPC is applicable to the [appeal].

8. The Letter constitutes an advisory opinion of the Zoning Officer because it opines as to the applicability of the Zoning Ordinance absent any request for relief or pending subdivision or land development application related to the Subject Property[.] *See Joe Darrah, Inc. v. Zoning Hearing Bd. of Spring Garden Twp.*, 928 A.2d 443, 447 n.8 (Pa. Cmwlth. 2007); *N. Codorus Twp. v. N. Codorus Twp. Zoning Hearing Bd.*, 873 A.2d 845, 848 (Pa. Cmwlth. 2005).

9. The Board lacks jurisdiction to adjudicate an appeal of an advisory opinion of the Zoning Officer. *Joe Darrah*, 928 A.2d at 447 n.8.

(Bd. Decision and Order, Conclusions of Law "C.L." 5-9, R.R. at 36a.) Although stating in its decision that the issues of standing and estoppel were moot, the Board further concluded that because the letter was not a determination or a final action by the Zoning Officer, Appellants were not aggrieved parties and lacked standing to appeal the Letter. (*Id.*, C.L. 11, R.R. at 37a.)

Appellants appealed the matter to the trial court, which did not take additional evidence. On June 30, 2023, the trial court issued an order affirming the decision of the Board and dismissing the appeal. (Trial Ct. Order, R.R. at 373a.) In an explanatory footnote, the trial court found that the Board lacked jurisdiction and that Appellants lacked standing. (*Id.* at n.1.) Additionally, the trial court stated that Appellants' withdrawal of an earlier appeal from another determination of the Board[8] "estopped" them from appealing the letter at issue. (*Id.*) Appellants thereafter appealed to this Court. After submission of a statement of errors

---

[8] *See supra* n.5.

4

complained of on appeal, the trial court issued an opinion elaborating on its earlier order.

On appeal, Appellants raise several issues,[9] one of which pertains to standing. As an initial matter, we conclude that Appellants neither had standing to solicit a preliminary opinion from the Zoning Officer nor take an appeal from advice rendered to them. Section 916.2 of the MPC, 53 P.S. § 10916.2, which provides the only specific procedure to solicit a preliminary opinion from a zoning officer, enables only the *landowner* to do so, and then only for certain purposes:

> In order not to unreasonably delay the time when a landowner may secure assurance that the ordinance or map under which he proposed to build is free from challenge, and recognizing that the procedure for preliminary approval of his development may be too cumbersome or may be unavailable, *the landowner* may advance the date from which time for any challenge to the ordinance or map will run under section 914.1 of the MPC, 53 P.S. § 10914.1[10] by the following procedure:
>
> (1) The *landowner* may submit plans and other materials describing his proposed use or development to the zoning officer for a preliminary opinion as to their compliance with the applicable ordinances and maps. Such plans and other materials shall not be required to meet the standards prescribed for preliminary, tentative or final approval or for the issuance of a building permit so long as they provide reasonable notice of the proposed use or

---

[9] To paraphrase somewhat, the cognizable issues raised between the statement of questions presented and the argument section of the brief are as follows: (1) whether the Board was required to hear testimony and consider evidence prior to determining that it lacked jurisdiction; (2) whether the Board had jurisdiction to hear the appeal; (3) whether Appellants had standing as aggrieved parties; (4) whether Appellants were estopped from appealing because of their withdrawal of an earlier appeal; and (5) whether the Board was estopped from concluding that it lacked jurisdiction.

[10] Added by Act of Dec. 21, 1988, P.L. 1329.

> development and a sufficient basis for a preliminary
> opinion as to its compliance.

53 P.S. § 10916.2(1). Although, pursuant to Section 913.3 of the MPC,[11] 53 P.S. § 10913.3, "any person aggrieved" may appeal from a zoning officer's preliminary determination under Section 916.2,[12] a letter of advice responding to a request from a third party does not amount to a preliminary determination under Section 916.2. It is highly questionable whether the zoning officer should have issued such a letter of advice in the first place but, having been given, it amounted to an advisory opinion at best.

Moreover, the Board properly held that it lacked jurisdiction to hear the appeal. Appellants' jurisdiction argument runs as follows: the letter was a "determination" under Section 107 of the MPC, which defines the term in relevant part as follows: the "final action by an officer . . . charged with the administration of any land use ordinance or applications thereunder." 53 P.S. § 10107(b). Section 909.1(a)(3)[13] provides for jurisdiction over "[a]ppeals from the determination of the zoning officer including, but not limited to, the granting or denial of any permit, or failure to act on the application therefor, the issuance of any cease and desist order or the registration or refusal to register any nonconforming use, structure or lot." 53 P.S. § 10909.1(a)(3). Appellants suggest that Section 909.1(a)(3)'s use of the phrase "including, but not limited to," should be read and applied "broadly to establish a

---

[11] Added by Act of Dec. 21, 1988, P.L. 1329.

[12] *See* Section 909.1(a)(8), 53 P.S. § 10909.1(a)(8), providing for jurisdiction over appeals from the zoning officer's determination under Section 916.2.

[13] We note that the preliminary opinion of a zoning officer issued under Section 916.2 is not a "determination" for purposes of Section 909.1(a)(3). *See Friends of Lackawanna v. Dunmore Borough Zoning Hearing Bd.*, 227 A.3d 37, 45 (Pa. Cmwlth. 2020).

zoning hearing board's jurisdiction." (Appellants' Br. at 29.) Further, reading Section 909.1(a)(3) and Section 913.3 of the MPC, 53 P.S. § 10913.3, which provides for standing in appeals under, *inter alia*, Section 909.1(a)(3), together, Appellants assert that the Board had jurisdiction to hear their appeal. This argument ignores that the letter was not a "final action," and thus not a "determination." Rather, as noted above, it was no more than an advisory opinion opining on Landowner's attempts to develop the property. Any attempt to appeal would similarly be seeking an advisory opinion from the Board.

In *Joe Darrah*, this Court addressed a situation in which a landowner held a zoning permit to operate as a "junkyard" and requested that a zoning officer "reclassify" the subject property's use to "processing establishment." *Joe Darrah*, 928 A.2d at 444. The zoning officer refused and the landowner appealed to the zoning hearing board of Spring Garden Township, seeking to have the classification of its property changed. *Id.* at 445. The zoning hearing board declined to reclassify the property, on the ground that the property was used as a junkyard. *Id.* at 445-46. The landowner appealed to the Court of Common Pleas of York County, which affirmed, and an appeal to this Court ensued.

This Court did not reach the merits of the landowner's argument in *Joe Darrah* because it concluded that the zoning hearing board lacked jurisdiction under Section 909.1(a) of the MPC to hear the appeal in the first instance. *Id.* at 447. Applying the long-established rule that zoning hearing boards may not issue advisory opinions, *H.R. Miller Co., Inc. v. Bitler,* 346 A.2d 887, 888 (Pa. Cmwlth. 1975) and *Hopkins v. North Hopewell Township Zoning Hearing Board*, 623 A.2d 938, 940 (Pa. Cmwlth. 1993), we held that because the landowner "did not file a request for a permit, variance, special exception, or challenge

the [z]oning [o]rdinance as invalid—the only matters over which the [b]oard has jurisdiction," the board lacked jurisdiction to consider the reclassification request, which we deemed to be a request for an advisory opinion, *Id.* This Court noted:

> If a zoning board may not issue an advisory opinion, then neither can its zoning officer. The principle of *Miller* and *Hopkins* cannot be side-stepped simply by first requesting an opinion from a zoning officer. Further, a "reclassification" is nowhere addressed in the MPC. [The landowner] sought this "determination" in an effort to lock in a defense to the Township's threatened enforcement action. When and if that action takes place, [landowner] may litigate its theory that it is not a junkyard.

*Joe Darrah*, 928 A.2d at 447 n.8.

As the Board correctly determined that it lacked jurisdiction to hear an appeal of the letter, Appellants' other arguments are unavailing.[14] As such, we affirm.

 

        **BONNIE BRIGANCE LEADBETTER,**
President Judge Emerita

---

[14] Appellants urge us to hold that the Board is equitably estopped from concluding that it lacked jurisdiction because the direction to appeal was provided by the Zoning Officer in the letter and because the Board itself scheduled a hearing on the appeal (and had previously entertained an appeal in a similar context, *see supra* n.5). (Appellants' Br. at 41-43.) Jurisdiction cannot be waived and may be raised at any time, including by a court (or, here, the Board), acting *sua sponte*. *See, e.g., Joe Darrah* (determination that the zoning hearing board lacked jurisdiction to issue advisory opinion was first made by this Court on appeal).

**IN THE COMMONWEALTH COURT OF PENNSYLVANIA**

In re: Appeal by Friends of Church : 
Street Community Association from the : 
Decision of the Zoning Hearing Board : 
of Phoenixville Borough dated May 2, 2022 :     No. 801 C.D. 2023
                                            : 
Appeal of: Friends of Church Street : 
Community Association and Tracy Tackett : 

# **O R D E R**

AND NOW, this 10th day of May, 2024, the order of the Court of Common Pleas of Chester County is AFFIRMED.

**BONNIE BRIGANCE LEADBETTER,**
President Judge Emerita
