# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Darlene DiDonato, Deborah Nolan, | : | |
| Christopher Davidson, and | : | |
| Heather Rowda | : | |
| | : | |
| v. | : | No. 67 C.D. 2024 |
| | : | |
| Ross Township Zoning Hearing Board | : | |
| | : | |
| Appeal of: Monastery Living Partners | : | |
| LLC | : | Argued: October 8, 2024 |

BEFORE:  HONORABLE RENÉE COHN JUBELIRER, President Judge
HONORABLE CHRISTINE FIZZANO CANNON, Judge (P.)
HONORABLE MATTHEW S. WOLF, Judge

## OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE WOLF                                           FILED:  September 10, 2025

Monastery Living Partners LLC (MLP) appeals a December 27, 2023 order of the Court of Common Pleas of Allegheny County (trial court) that vacated the Ross Township Zoning Hearing Board's (Board) April 12, 2023 decision for lack of jurisdiction.  For the reasons that follow, we affirm.

## BACKGROUND

MLP owns property located at 4520-4540 Perrysville Avenue, Ross Township (Township), Pittsburgh, Pennsylvania (Property).  The Property, located in an R-2 Zoning District, consists of 10.84 acres and currently contains a building formerly used as a monastery (Monastery), a building formerly used as a school, and

three single-family residential dwellings.  Trinity Commercial Development LLC (Trinity)[1] seeks to develop the Monastery into multi-family unit apartments.

## I. Trinity's First Land Use Application

In November 2022, Trinity approached the Township's Zoning Officer (Zoning Officer) and requested the conversion of each existing building on the Property into apartments.  Reproduced Record (R.R.) 109a.  The Zoning Officer verbally advised that such use was not permitted in the R-2 Zoning District and that Trinity would need to appeal to the Board to seek a use variance.  R.R. 109a-10a.  Accordingly, Trinity applied for "a use variance from §27-905 [of the Township's Zoning Ordinance (Zoning Ordinance)][2] to develop existing buildings into multi-family units including apartments and townhomes[.]"  R.R. 152a.  The Board held hearings on Trinity's use variance application on December 14, 2022, and January 11, 2023.  *Id.*  By decision mailed February 21, 2023, the Board denied Trinity's application.  The Board determined that Trinity did not provide enough information to enable the Board to make findings on the requirements for the grant of a variance.  *Id.*  Trinity did not appeal the Board's decision.

## II.  Trinity's Second Land Use Application

Instead, on March 8, 2023, Trinity filed a second application on the Township's "Variance/Exception/Protest Application" form.  R.R. 4a.  Trinity's second application did not seek a variance, but rather "an interpretation of §27-1303[3] of the Zoning Ordinance to permit the proposed renovation and reuse of the

---

[1] MLP is under the umbrella of Trinity.  Reproduced Record (R.R.) 58a-59a.  For ease of discussion, we hereinafter refer to MLP and Trinity collectively as Trinity.

[2] The Township's Zoning Ordinance is available at https://ecode360.com/30842452#30842452 (last visited September 9, 2025).

[3] Section 27-1303 of the Ordinance, titled "Extension or Expansion," provides:

**(Footnote continued on next page…)**

2

existing monastery structure located [on the Property], from the nonconforming 131-bedroom Boarding or Rooming House with accessory Place of Worship to the proposed 80-unit apartment building." R.R. 6a. Trinity completed a prepopulated portion of the Form that provided "The owner/applicant requests that a determination be made by the Zoning Hearing Board on the following appeal, which was denied by the Ross Township Building Inspector/Zoning Officer on **Nov[ember] 2022**." *Id.* at 4a (information added by Trinity in bold). Trinity's request for an interpretation was placed on the Board's hearing agenda for April 12, 2023. R.R. 12a.

---

1. The nonconforming aspect or aspects of a building, structure or lot, on or in which is conducted a conforming use, may not be expanded, extended or increased.

2. A nonconforming use may be expanded, extended or enlarged within the boundaries of the zoning lot on which it is located by 50% of floor area, lot coverage or building volume if required to accommodate an increase in trade, business or industry, upon securing special exception approval from the Zoning Hearing Board.

    A. Expansion, extension or enlargement greater than 50% of original floor area, land area or building volume at the time the use became a nonconforming use is prohibited.

    B. Such expansions can be completed incrementally, but in no case shall the total expansion exceed the percentages noted above.

    C. Any such expansion, extension or enlargement shall comply with all other applicable provisions of this chapter.

3. No nonconforming use shall be moved in whole or in part to a separate portion of the zoning lot on which it is located, if such portion of the zoning lot was not devoted to the nonconforming use upon the effective date of this chapter or the applicable amendment thereto.

Township Zoning Ordinance § 27-1303.

3

### III. April 12, 2023 Hearing

At the hearing, Trinity's counsel, Trinity's president, an architect, a broker and consultant, and a transportation engineer all offered testimony to support Trinity's position that the proposed development of the Monastery is a continuation of the preexisting nonconforming use permissible by right pursuant to Section 27-1303 of the Zoning Ordinance.

In response, counsel for neighboring property owners Darlene DiDonato, Debra Nolan, Christopher Davidson and Heather Rowda (collectively, Objectors) objected to the Board's proceedings on jurisdictional grounds. Specifically, counsel argued the Board lacked jurisdiction to issue Trinity's requested "interpretation" of the Township's Zoning Ordinance. Objectors' counsel stated:

> [Objectors' Counsel]: I think more generally I think I want to take exception and object to the proceeding at all tonight. The agenda for what's before the Board tonight is described as a request for an interpretation from the Zoning Board. And the courts in Pennsylvania have described what's being sought here as an advisory opinion. And the Board does not have jurisdiction to offer advisory opinions, even for an interpretation when they're seeking an expansion or a continuation of a nonconforming use. To do that, your zoning code [and] the MPC require an appeal from a decision. Some decisionmaker – Mr. Rickert would have to make a decision denying a permit or a request for a continuation of a nonconforming use. And there would have to be some sort of submission to the township.
>
> Now, that may seem like a trivial legalistic point, but let's look at what happened here. The plans we're seeing tonight were never presented to the township until about an hour ago on these screens. So nobody in the audience

4

had the benefit of anything that was presented tonight until just now.

But in the normal course, what the code requires and what the MPC requires is that there be a process where these are first submitted to an officer of the township, Mr. Rickert. There is some sort of decision. And then there is an appeal from that. So I have the sections of your jurisdiction. That's 27-604 [of the Zoning Ordinance]. It lays out when you're allowed to make decisions and when you're not.

You can't have people simply show up and say, "Oh, I'm here for an advisory opinion, an interpretation of the code," without going through the process. And what the courts have said, if you don't do that, the Board doesn't have the power to make a decision; and the decision – there is no jurisdiction, and the decision will be voided.

So that's under your Section 27-604, jurisdiction. And section 909.1 of the MPC. It circumscribes the Board's ability to act.

R.R. 84a-86a. The Board recessed the hearing and went into executive session. *Id.* at 88a. Upon return, the Board's solicitor stated:

[Board's Solicitor]: Mr. Montgomery, your objection is noted for the record; and it's overruled. What the Board would like you to take a look at is the decision in ZHB-16-22. And that's part of the basis for overruling your objection.

[Objectors' Counsel]: The decision that was issued several months ago?

[Board's Solicitor]: 16-22, again. The same party, same property.

[Objectors' Counsel]: Okay. To the extent that was an appealable decision, 30 days have passed; and that's untimely, to appeal that. So if that's the basis, that seems to be flawed as well. But I respect if that's the Board's decision, I'll continue.

5

*Id.* at 88a-89a. After overruling Objectors' jurisdictional objection, the Board resumed the hearing. The jurisdictional issue was again discussed when the Township's Zoning Officer testified.

> [Trinity's Counsel]: If I could very briefly address the jurisdictional argument. . . . Because I wondered, Mr. Rickert, if you could help us on this. It started with the prior application, which was a use variance application. So is it correct that the developer representative came in and requested the conversion of those buildings to apartments, Mr. Rickert, but that use wasn't permitted?
>
> [Zoning Officer]: Correct.
>
> [Trinity's Counsel]: As a result of that, they were directed to file an appeal to the Zoning Board?
>
> [Zoning Officer]: Correct.
>
> [Trinity's Counsel]: That resulted in the use variance application?
>
> [Zoning Officer]: Correct.
>
> [Trinity's Counsel]: There was a Zoning Board denial of that use variance?
>
> [Zoning Officer]: Correct.
>
> [Trinity's Counsel]: And then a reapplication for an interpretation that is permitted? Essentially an appeal from that original determination that it wasn't permitted?
>
> [Zoning Officer]: Correct.
>
> [Trinity's Counsel]: That's all.

R.R. 108a-09a. On further questioning from Objector's counsel, the Zoning Officer stated that his original determination that Trinity would need to seek a use variance

for the proposed development occurred about 28 days prior to the Board's decision denying the use variance. R.R. 110a. At the close of the hearing, a Board member made a motion to approve Trinity's second application, and the motion carried. R.R. 111a-114a.

*IV. Board's Decision*

By decision mailed May 26, 2023, the Board issued a formal decision interpreting the Zoning Ordinance as allowing, by right, the use of the Monastery for 77 apartment units as a continuation of the preexisting lawful nonconforming residential use. R.R. 188a-208a. Regarding the matter's procedural path, the Board made the following findings of fact:

> 12. Trinity now comes back to the Zoning Hearing Board from the determination of the Zoning Officer that the multi-family residential use of the monastery building is not permitted by right arguing that the proposed use of the monastery building as a multi-family apartment units is permitted by right as the continuation of a valid nonconforming multi-family residential use.
>
> 13. On March 8, 2023, Trinity filed an appeal from the determination of the Zoning Officer seeking an interpretation of the provisions of the Ross Township Zoning Ordinance that the proposed use of the monastery building as multi-family apartment units is permitted by right as the continuation of a valid nonconforming multi-family residential use.

R.R. 192a. In its conclusions of law, the Board stated it had jurisdiction over the matter pursuant to Section 909.1(a)(3) of the Municipalities Planning Code (MPC),[4] which permits the Board to hear and render an adjudication on appeals from a

---

[4] Act of July 31, 1968, P.L. 805, added by the Act of December 21, 1988, P.L. 1329, *as amended*, 53 P.S. § 10909.1(a)(3).

7

determination of the zoning officer. R.R. 204a. Objectors appealed the Board's decision to the trial court.

## V. Trial Court Proceedings

Before the trial court, Objectors argued the Board's determination must be vacated for lack of jurisdiction under Section 909.1(a)(3) of the MPC. R.R. 229a. Objectors maintain that the Board overruled their jurisdictional objection on the grounds that Trinity's second application was considered an appeal of the Board's denial of the prior use variance request. Objectors note several problems with this jurisdictional rationale. First, even if Trinity's second application seeking an interpretation of the Zoning Ordinance was treated as an appeal of the prior use variance denial, Trinity's appeal would be untimely under Section 914.1 of the MPC.[5] Objectors further argue that Trinity's second application is nothing more than a request for an interpretation of the Zoning Ordinance, tantamount to an advisory opinion, which the Board lacks jurisdiction to issue. *See* Section 909.1 of the MPC; *see also H.R. Miller Co., Inc. v. Bitler*, 346 A.2d 887 (Pa. Cmwlth. 1975) (holding zoning board lacked authority to issue advisory opinion requested by landowner); *Joe Darrah, Inc. v. Zoning Hrg Bd. of Spring Garden Twp.*, 928 A.2d 443 (Pa. Cmwlth. 2007) (same).

Trinity responded that its request for an interpretation of Section 27-1303 of the Zoning Ordinance is wholly separate from the prior use variance proceedings. It explained that it submitted its second application on March 8, 2023, and on that same date the Zoning Officer determined the proposed residential use is not permitted by right as a nonconforming use. Based on the Zoning Officer's March

---

[5] Added by the Act of December 21, 1988, P.L. 1329, 53 P.S. § 10914.1. Section 914.1 requires all appeals from determinations adverse to landowners to be filed within 30 days after notice of the determination is issued.

8, 2023 denial of its interpretation request, the second application was placed on the Board's hearing schedule. Thus, Trinity maintains the Board had jurisdiction over its appeal from the Zoning Officer's denial of its interpretation request under Section 909.1 of the MPC, and the appeal was timely under Section 914.1 of the MPC.

The Board also filed a brief before the trial court arguing a different theory for jurisdiction. The Board asserted it had jurisdiction pursuant to Section 27-1303.2 of the Zoning Ordinance. They note that "[a]lthough it was not artfully and clearly articulated in this application, essentially Trinity's March 8, 2023 application was a request of the [Board] to use its authority under Section [27-]1303.2 to address whether or not Trinity would need special exception approval from the [Board] to change the use of the existing monastery building with accessory place of worship to its proposed apartment building." R.R. 306a. The Board maintains that "[u]nder Section 27-1303.2 a landowner can apply to a zoning hearing board for a special exception regarding expansion or extension of a legal non-conforming use at any time. Trinity submitted its Application to the Zoning Officer on March 8, 2023 and the Zoning Officer proceeded to schedule a hearing before the Zoning Board." R.R. 307a.

On December 27, 2023, the trial court vacated the Board's decision for lack of jurisdiction. The trial court held:

> The Court concurs with [Objectors] that this matter follows a procedurally defective path. The second application referenced a November 2022 decision by a zoning officer from which appeal was taken. Mr. Rickert, the zoning officer, testified that in December 2022 he verbally informed the applicant that apartments were not permitted in the zoning district and that a variance would be required. CR 106a-108a. The second application cites this adverse determination of the officer, and appeal to the

9

Board was untimely pursuant to 53 P.S. § 10914.1 and § 27-607 of the Ross Township Zoning Code.

Instead of addressing jurisdictional footing under 53 P.S. § 10909.1, the Board cites to § 27-1303.2, which states: "A nonconforming use may be expanded, extended or enlarged within the boundaries of the zoning lot on which it is located by 50% of floor area, lot coverage or building volume if required to accommodate an increase in trade, business or industry, upon securing special exception approval from the Zoning Hearing Board." The Board now characterizes the second application as a request for special exception approval, but this is inconsistent with the contents of the application. Further, in its Findings the Board specifically referenced the Zoning Officer's determination which occurred in December 2022 at the latest. The Board said in Finding of Fact No. 12 and 13:

12. Trinity now comes back to the Zoning Hearing Board from the determination of the Zoning Officer that the multi-family residential use of the monastery building is not permitted by right arguing that the proposed use of the monastery building as a multi-family apartment units is permitted by right as the continuation of a valid nonconforming multi-family residential use.

13. On March 8, 2023, Trinity filed an appeal from the determination of the Zoning Officer seeking an interpretation of the provisions of the Ross Township Zoning Ordinance ("Zoning Ordinance") that the proposed use of the monastery building as multi-family apartment units is permitted by right as the continuation of a valid nonconforming multi-family residential use.

CR 156a.

In Conclusion of Law 1, the Board referenced Section 909.1(a)(3) — an appeal from the determination of the zoning officer — as the basis for its jurisdiction. CR 168a.

10

Courts have held that zoning boards lack jurisdiction to render an interpretation of a zoning ordinance in the absence of an appeal from a zoning officer's determination or a specific request for relief or challenge. *H.R. Miller Co., Inc. v. Bitler*, 346 A.2d 887 (Pa. Cmwlth. 1975). While zoning hearing boards hear and decide requests for special exceptions under Section 912.1 of the MPC, this was not the Board's stated reason for exercising jurisdiction. Further, review of special exceptions is not excepted from the procedural and jurisdictional safeguards under 53 P.S. § 10909.1. The Zoning Code specifically addresses continuation of nonconforming uses and a procedure for the Zoning Officer to address them. See §§ 27-1301, 27-1306 of the Ross Township Zoning Code.

The Board's decision was erroneous as it lacked jurisdiction to proceed. Accordingly, the Board's decision is vacated. The Board may address the substantive matters presented upon proper application.

R.R. 326a-27a. Trinity appealed the trial court's order to this Court.

## PARTIES' ARGUMENTS

Trinity raises two issues for this Court's review.[6] First, Trinity argues the trial court erred in vacating the Board's determination. It submits that its second application was properly referred to the Board on March 8, 2023, following the Zoning Officer's denial of Trinity's requested interpretation on that same day. Trinity explains that this case has nothing to do with its prior use variance application or special exception approval. Trinity maintains that the "Board clearly has jurisdiction pursuant to MPC Section 909.1(a)(3) to hear the instant appeal from the

---

[6] Where, as here, a trial court does not take additional evidence in disposing of a zoning appeal, our review is limited to determining whether a zoning hearing board abused its discretion or erred as a matter of law. *425 Prop. Ass'n of Alpha Chi Rho, Inc. v. State Coll. Borough Zoning Hrg. Bd.*, 223 A.3d 300, 306 n.3 (Pa. Cmwlth. 2019). A zoning hearing board abuses its discretion where it issues findings of fact not supported by substantial evidence in the record. *In re Bartkowski Inv. Grp., Inc.*, 106 A.3d 230, 237-38 (Pa. Cmwlth. 2014).

11

Zoning Officer's determination denying [Trinity's] interpretation request." Trinity's Brief at 27. To the extent the trial court determined the Board's opinion was advisory, Trinity argues that "[t]he Township's Variance/Exception/Protest Appeal form is formatted so that the applicant's request for an interpretation becomes an appeal to the Zoning Board if the Zoning Officer denies the requested interpretation. [Trinity] requested an interpretation. That request was obviously denied. The matter was then referred to the Zoning Board as an appeal from the Zoning Officer's determination." Trinity's Brief at 28. Trinity asks this Court to reverse the trial court's order and affirm the Board's determination on the merits.

The Board echoes Trinity's argument, insisting that Trinity did not make its interpretation request until March 8, 2023, and that interpretation request was denied by the Zoning Officer on that same day and automatically appealed to the Board.

Objectors respond that the trial court correctly vacated the Board's decision and none of the various theories offered by Trinity or the Board establish jurisdiction under the MPC or the Zoning Ordinance. Citing *Miller* and *Darrah*, Objectors assert a zoning hearing board lacks jurisdiction to render an interpretation of a zoning ordinance in the absence of an appeal from a zoning officer's determination or a specific request for relief or challenge. Here, Trinity did not seek a permit, continuation of a non-conforming use, or otherwise challenge the validity of the Zoning Ordinance before the Zoning Officer; instead, it merely requested an interpretation of the Ordinance's language from the Board. Objectors argue that these procedural infirmities deprived the Board of jurisdiction and resulted in an impermissible advisory opinion.

12

**DISCUSSION**

Section 909.1 of the MPC sets forth the jurisdiction of a zoning hearing board. It provides, in relevant part:

> (a) The zoning hearing board shall have exclusive jurisdiction to hear and render final adjudications in the following matters:
>
> > (3) Appeals from the determination of the zoning officer, including, but not limited to, the granting or denial of any permit, or failure to act on the application therefor, the issuance of any cease and desist order or the registration or refusal to register any nonconforming use, structure or lot.

53 P.S. § 10909.1(a)(3); *see also* Section 27-604(1)(B) of the Zoning Ordinance. In regard to a zoning hearing board's jurisdiction, this Court has explained that "[z]oning boards are administrative agencies created by the General Assembly." *Darrah*, 928 A.2d at 446. "Their power is limited to that conferred expressly by the legislature, or by necessary implication. Further, the limit to that power must be strictly construed; a doubtful power does not exist." *Id.*

In *Darrah*, a landowner sought to have his property's use reclassified from that of a junkyard to that of a processing establishment. The zoning officer refused landowner's request, and landowner appealed to the zoning hearing board seeking a reclassification of his property. The board also denied landowner's reclassification request and he appealed to this Court. The issue before this Court was whether the board could interpret the zoning ordinance in the absence of an application for some kind of zoning permit or license, or a challenge to the validity of the zoning ordinance. We concluded the board could not and vacated the board's underlying decision thereon. This Court explained:

13

[Landowner] did not file a request for a permit, variance, special exception, or challenge the Zoning Ordinance as invalid—the only matters over which the [b]oard has jurisdiction. Rather, [landowner] requested the Board to "reclassify" [landowner's] use from that of a junkyard to that of a "processing establishment." [Landowner's] request can only be characterized as a request for an advisory opinion. Indeed, [Landowner's] counsel expressly advised the [b]oard that [Landowner] was seeking an "interpretation" of the way that its activities were characterized. Because the [b]oard lacked authority to render such an advisory opinion, its decision must be vacated.

*Darrah*, 928 A.2d at 447-48.

Similarly, in *Miller*, a landowner requested that a zoning hearing board conduct a hearing to resolve five questions relative to the legality of quarrying activities on his property. In holding that the zoning hearing board lacked jurisdiction, this Court stated:

Our examination of the relevant provisions of the MPC discloses no authority in the Board to render the purely advisory opinion sought initially by [landowner]. The Board's powers are specifically enumerated in Sections 909, 910, 912 and 913 of the MPC, 53 P.S. §§ 10909, 10910, 10912 and 10913, and these provisions require that some specific relief be requested in the form of a variance, a special exception, relief from the action of a zoning officer, or a ruling on the substantive invalidity of an ordinance. The Board was without jurisdiction to resolve [landowner's] questions until after he had requested some specific relief authorized by the MPC.

*Miller*, 346 A.2d at 888.

The facts of this case are analogous to both *Darrah* and *Miller*. Trinity's March 8, 2023 application requesting an interpretation of Section 27-1303

14

of the Zoning Ordinance can only be characterized as a request for an advisory opinion. While Trinity now attempts to argue that its request was an appeal of an adverse determination of the Zoning Officer, such argument is not supported by the record. Trinity's March 8, 2023 application references no such same-day determination, and Trinity's argument that the mere submission of its application and the placement of the application on the Board's agenda constitutes an appeal misses the mark. Most notably, however, even if the Zoning Officer gave Trinity an adverse interpretation, an appeal from that decision would also not confer jurisdiction on the Board. As set forth in the MPC, and as reiterated by this Court in *Darrah* and *Miller*, Trinity was required to seek some type of *specific relief*, here, either a permit or registration of a nonconforming use, the denial of which it could then appeal to the Board.

The specifics of the Township's Zoning Ordinance require the same procedural processes. Section 27-402 of the Zoning Ordinance sets forth the appointment and powers of the Zoning Officer. It provides, in pertinent part:

> 5. The Zoning Officer shall receive and examine all applications for building permits and certificates of occupancy.
>
> 6. The Zoning Officer shall process building permit and certificate of occupancy applications for all permitted uses.
>
> 7. The Zoning Officer shall issue permits only where there is compliance with the provisions of this chapter, with other Township ordinances, and with the laws of the commonwealth. Permits for construction of uses requiring a special exception or variance shall be issued only upon order of the Zoning Hearing Board or upon a final order of a court of competent jurisdiction. Permits requiring approval by the Board of Commissioners shall be issued

15

only after receipt of approval from the Board of Commissioners.

8. The Zoning Officer shall receive applications for special exceptions and variances and forward these applications to the Zoning Hearing Board for action thereon.

9. The Zoning Officer shall, *following refusal of a permit, receive applications for interpretation appeals and variances and forward these applications to the Zoning Hearing Board for action thereon.*

Zoning Ordinance § 27-402(5)-(9) (emphasis added). Here, Trinity asserts that it is permitted to build the proposed apartments by right as a continuation of a nonconforming use. Therefore, it should have sought a building permit from the Zoning Officer. *Id.* § 27-402(5). Only following the refusal thereof, the Zoning Officer, per Section 27-402(9), could then forward a subsequent application for an interpretation appeal to the Board. *Id.* § 27-402(9). Here, the record is devoid of any building permit application that would render appropriate Trinity's subsequent application for interpretation.[7]

For the reasons articulated above, the Board lacked jurisdiction to issue Trinity's requested interpretation. Thus, we affirm the trial court's order.[8]

_____
MATTHEW S. WOLF, Judge

---

[7] At oral argument, Counsel for Trinity indicated that it returned to the Zoning Officer who approved the proposed use by right. As such fact is not of record, we decline to comment further on any dual legal track this matter may be proceeding under.

[8] Based on this disposition, we do not address Trinity's second issue on appeal.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Darlene DiDonato, Deborah Nolan,    :
Christopher Davidson, and          :
Heather Rowda                 :
                              :
         v.              :    No. 67 C.D. 2024
                              :
Ross Township Zoning Hearing Board  :
                              :
Appeal of: Monastery Living Partners  :
LLC                            :

# **O R D E R**

AND NOW, this 10th day of September 2025, the December 27, 2023 order of the Court of Common Pleas of Allegheny County is AFFIRMED.

                                 _____
                                 MATTHEW S. WOLF, Judge